**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rubel Frank MARTINEZ,**
**Defendant–Appellant.**

No. 89–4146.

United States Court of Appeals,
Tenth Circuit.

Aug. 23, 1990.

Ronald J. Yengich of Yengich, Rich, Xaiz & Metos, Salt Lake City, Utah, for defendant-appellant.

Margaret R. Nelson (Dee Benson, U.S. Atty., and Gordon W. Campbell, Asst. U.S. Atty., on the brief), Asst. U.S. Atty., Salt Lake City, Utah, for plaintiff-appellee.

Before TACHA, McWILLIAMS, and BARRETT, Circuit Judges.

TACHA, Circuit Judge.

This is an appeal by Rubel Frank Martinez from his conviction for use of a firearm in drug trafficking in violation of 18 U.S.C. section 924(c)(1). Martinez contends that the district court erred in finding that (1) he possessed the requisite degree of

dominion and control over the unloaded firearm to merit conviction under section 924(c)(1) and (2) he "used" the unloaded firearm in a manner proscribed by 18 U.S.C. section 924(c)(1). We affirm.

## I.

On November 20, 1987, police searched Martinez's home and found an unloaded revolver, currency, and over $40,000 worth of cocaine in a closed briefcase in his bedroom. When questioned by an officer about the gun, Martinez said that "the gun was used to scare people." Martinez claimed that he had placed the gun in the briefcase for safety reasons. A government informant said that he had not seen the gun when purchasing cocaine from Martinez.

Martinez was charged with possession of cocaine with intent to distribute (Count I), knowingly carrying and using a firearm in relation to a drug trafficking crime (Count II), and knowingly and intentionally distributing 39 ounces of cocaine (Count III). Under an agreement, Martinez pleaded guilty to Count I in exchange for the dismissal of Count III. Upon waiving his right to a jury trial, Martinez subsequently was found guilty on Count II. Martinez appeals his conviction on Count II to this court.

## II.

Martinez makes two related arguments on appeal. First, he contends that he did not possess or carry the gun. Second, he contends that the presence of an unloaded firearm is not the "use" of a firearm proscribed in section 924(c)(1). We examine each contention in turn.

### A.

■ In *United States v. Cardenas*, 864 F.2d 1528 (10th Cir.), *cert. denied,* — U.S. ——, 109 S.Ct. 3197, 105 L.Ed.2d 705 (1989), we addressed the elements of carrying under section 924(c)(1). We rejected the contention that carrying was narrowly restricted to weapons carried on the person or in a pocket in favor of a broader, more pragmatic test. Instead, we held that carrying involved two elements: possession of the weapon through the exercise of dominion or control; and transportation or movement of the weapon. *Id.* at 1535–36.

"In determining the sufficiency of evidence to sustain a guilty verdict, the appellate court must consider whether there is sufficient evidence, both direct and circumstantial, along with the reasonable inferences therefrom, from which a [factfinder] may find a defendant guilty beyond a reasonable doubt." *Id.* at 1533. In this case Martinez admitted to having used the gun to "scare people." Martinez's admission is sufficient to establish that he exercised the requisite degree of dominion and control over the gun. The admission that he used the gun to "scare people" is also more than sufficient to meet any act requirement established by *Cardenas. See id.* The district court did not err in finding that Martinez had carried the gun as that term is used in section 924(c)(1).

### B.

■ Martinez's second contention is that the use of an unloaded gun is not the "use" of a firearm proscribed by section 924(c)(1). This contention is meritless. In *United States v. LaGuardia,* 774 F.2d 317 (8th Cir.1985), the Eighth Circuit upheld a section 924(c) conviction where guns, eighteen ounces of cocaine, and large quantities of cash were found on the premises. Martinez's gun was found in a briefcase along with cocaine and a large quantity of money. *LaGuardia* is virtually indistinguishable on the facts. *Id.; see also United States v. Munoz–Fabela,* 896 F.2d 908, 911 (5th Cir.1990) ("It is enough that the firearm was present at the drug-trafficking scene, that the weapon could have been used to protect or facilitate the operation, and that the presence of the weapon was in some way connected with drug trafficking."), *petition for cert. filed,* 59 U.S.L.W. 3005 (June 19, 1990) (No. 89–2024); *United States v. Matra,* 841 F.2d 837, 842–43 (8th Cir.1988) (rejecting argument that section 924(c) requires actual possession of either guns or contraband); *United States v.*

*Grant,* 545 F.2d 1309, 1312 (2d Cir.1976), *cert. denied,* 429 U.S. 1103, 97 S.Ct. 1130, 51 L.Ed.2d 554 (1977) (rejecting claim that presence of guns, together with drugs and cutting materials, is insufficient to uphold conviction under § 924(c)).

Martinez seizes upon the only distinguishing factor—that the guns in *LaGuardia, Matra,* and *Grant* appear to have been loaded—and contends that section 924(c) does not prohibit the use of an unloaded gun because it cannot be fired. We are not persuaded by this reasoning. We agree with the Fourth Circuit's observation in *United States v. James,* 834 F.2d 92, 93 (4th Cir.1987):

> The statute is obviously intended to discourage and punish the deadly violence too often associated with drug trafficking. Such violence can readily occur when drug traffickers attempt to protect valuable narcotics supplies still in their possession or attempt to stop law enforcement officials from disrupting intended transactions. Section 924(c) ought not to be interpreted so narrowly as to exclude such dangerous situations.

Unloaded firearms have the same effect on victims and observers when pointed or displayed, tending to intimidate, and also increase the risk of violence by others who may respond to the perceived danger represented by the (presumably) loaded gun. *See McLaughlin v. United States,* 476 U.S. 16, 17–18, 106 S.Ct. 1677, 1678, 90 L.Ed.2d 15 (1986) ("the law reasonably may presume that [a gun] is always dangerous even though it may not be armed at a particular time or place" (construing 18 U.S.C. § 2113)). We hold that the use of a firearm, even an unloaded one, in connection with a crime of violence or drug trafficking falls within the prohibitions of section 924(c). *See Munoz–Fabela,* 896 F.2d at 911 (unloaded weapon sufficient); *United States v. Coburn,* 876 F.2d 372, 375 (5th Cir.1989) (unloaded weapon sufficient); *United States v. York,* 830 F.2d 885, 891–92 (8th Cir.1987) (nonfunctional weapon sufficient), *cert. denied,* 484 U.S. 1074, 108 S.Ct. 1047, 98 L.Ed.2d 1010 (1988); *United States v. Gonzalez,* 800 F.2d 895 (9th Cir.

1986) (no requirement gun be loaded or operable); *United States v. Rouco,* 765 F.2d 983, 996 (11th Cir.1985) (operability not requirement under similar Florida provision), *cert. denied,* 475 U.S. 1124, 106 S.Ct. 1646, 90 L.Ed.2d 190 (1986).

### III.

For the reasons stated, the judgment of the district court is AFFIRMED.