**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Cesar ZAMORA, Defendant–Appellant.**

No. 93–10311.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 17, 1994.

Decided Oct. 6, 1994.

---

Patrick M. Mooney, Mooney & Boetsch, Reno, NV, for defendant-appellant.

Daniel G. Bogden and Robert A. Bork, Asst. U.S. Attys., Reno, NV, for plaintiff-appellee.

Before POOLE, CANBY, and RYMER, Circuit Judges.

Opinion by Judge CANBY; Dissent by Judge RYMER.

CANBY, Circuit Judge:

Cesar Zamora appeals a five-level upward departure from the applicable guideline range in his sentence for distribution of cocaine and possession of cocaine with intent to distribute. We vacate his sentence and remand for resentencing.

## BACKGROUND

On the evening of June 3, 1992, Zamora and several accomplices gathered in the parking lot of a Motel 6 in Reno, Nevada, to carry out their end of an agreement to supply three kilograms of cocaine for $22,500 per kilogram. Unfortunately for Zamora and his companions, their prospective buyers were agents of the Drug Enforcement Administration (DEA). After verifying that Zamora had the cocaine in his possession, the DEA agents revealed themselves and arrested him along with his accomplices, seizing a nine millimeter pistol found on Zamora's person, and three kilogram-sized bricks of what they thought was cocaine. Analysis of the bricks at the DEA crime laboratory in San Francisco revealed, however, that Zamora had attempted to cheat the agents; they had seized what in fact were three bricks of sawdust that had been slightly hollowed, and which contained a total of only about 25 grams of

cocaine inserted within the bricks but not mixed in with the sawdust.

Zamora pleaded guilty to one count of distribution of cocaine, one count of possession of cocaine with intent to distribute, and one count of carrying a firearm in connection with a drug trafficking crime. At Zamora's sentencing on the drug counts, the district court departed five levels upward from the applicable guideline range, stating that the departure was warranted because there is a greater likelihood of violence during an attempted drug fraud than in an honest drug sale. To compute the extent of the departure, the district court focused on the difference between the value of the cocaine Zamora agreed to sell and the value of the cocaine he delivered, and analogized to the guidelines pertaining to fraud, U.S.S.G. § 2F1.1. This calculation produced a five-level upward departure. After adjusting downward for acceptance of responsibility, the court arrived at Zamora's sentence of 25 months, 9 months more than the maximum allowed by the applicable guideline range. With the addition of the mandatory five year sentence for his conviction of the firearms count under 18 U.S.C. § 924(c)(1), Zamora's total sentence came to 85 months.

## DISCUSSION

This case is an unusual one; the defendant has been subjected to an upward departure because he sold a lesser amount of drugs than the buyers bargained for.[1] His upward departure was measured by the fraud scale, yet it is difficult to see the public interest in the prevention of fraud against drug buyers, at least where that fraud consists in selling a smaller amount of drugs than the contract specified. Doubtless understanding this fact, the district judge did not base the departure on the deception itself (despite the fraud measurement of the departure), but on the danger of violence associated with a fraudulent drug sale. We review the upward departure, therefore, as one grounded on danger alone.

In reviewing the district court's decision to depart upward from the applicable guideline range, we apply the three part test announced in *United States v. Lira–Barraza,* 941 F.2d 745, 746–47 (9th Cir.1991) (en banc). First, we review de novo the district court's identification of an aggravating circumstance of a kind or degree not adequately taken into account by the Sentencing Commission in formulating the guidelines. *Id.* at 746. Absent such a circumstance, the district court lacked the legal authority to depart, and we must reverse. *Id.* Second, we review the district court's underlying factual findings for clear error. *Id.* If the district court's decision passes these first two hurdles, we last must determine whether the extent of departure from the guidelines is reasonable. *Id.* at 747.

Focusing on the first prong of that test, Zamora argues that the district court lacked the legal authority to depart because the danger attending an attempted drug rip-off is not a circumstance of a kind or degree not taken into account by the guidelines. We agree. In addition to his sentence on the drug charges, Zamora was sentenced to 5 years in prison pursuant to 18 U.S.C. § 924(c)(1)—nearly quadrupling what otherwise would have been his sentence. The mandatory sentencing provisions of section 924 exist because the possession of a gun during a drug trafficking offense increases the risk of violence. *See Smith v. United States,* —— U.S. ——, ——, 113 S.Ct. 2050, 2060, 113 S.Ct. 2050 (1993); *cf.* U.S.S.G. § 2D1.1(b)(1) and comment (n. 3). The district court evidently viewed this risk as distinct from the risk posed by fraudulent drug sales, and thus concluded that it could depart upward.

Possession of a gun, however, is dangerous precisely—and only—because it may be used when one drug trafficker tries to cheat or rob another or when law enforcement officials try to apprehend a drug trafficker. *Cf. United States v. Martinez,* 912

[1] Because Zamora merely concealed the cocaine inside the sawdust, rather than mixing the cocaine with sawdust or some other cutting agent, he could not be sentenced on the gross weight of the sawdust and cocaine combined. *See United States v. Robbins,* 967 F.2d 1387, 1389 (9th Cir. 1992).

F.2d 419, 421 (10th Cir.1990). Thus, section 924 necessarily takes account of the risk posed by fraudulent drug sales; the five year sentence it mandates makes sense only when viewed as reflecting the risk of carrying a gun during a drug transaction along with the possibility of its use during an attempted fraud, robbery or arrest. Accordingly, we conclude that the mandatory sentence provision of 18 U.S.C. § 924(c)(1) adequately reflects the increased risk of violence occasioned by a fraudulent drug sale.

The fact that an attempted fraud occurs in any given transaction adds little, if anything, to the risk already reflected in section 924's mandatory sentencing provisions. *See* U.S.S.G. § 5K2.0, p.s.; *United States v. Luscier,* 983 F.2d 1507, 1513 (9th Cir.1993) (departure warranted only if factor is present "to a degree substantially in excess of what ordinarily is involved in the offense"). This simply is not a case in which the defendant's conduct differs so markedly from that contemplated by the applicable guideline that a departure is justified. *Compare United States v. Nakagawa,* 924 F.2d 800 (9th Cir. 1991) (special risk caused by possession of 18 firearms, some fully automatic, during drug offense not adequately reflected by 18 U.S.C. § 924(c)(1)); *United States v. Loveday,* 922 F.2d 1411 (9th Cir.1991) (danger due to possession of homemade pipe bombs not adequately reflected by U.S.S.G. § 2K2.2, which is concerned mainly with danger from firearms); *United States v. Carpenter,* 914 F.2d 1131 (9th Cir.1990) (danger attendant in method of attempted murder (running victim off road with logging truck and/or blowing up propane tank adjacent to victim's trailer) not adequately reflected in U.S.S.G. § 2A2.1).

## CONCLUSION

■ We conclude that the mandatory sentencing provisions of 18 U.S.C. § 924(c)(1) necessarily reflect concern for the increased risk of violence that attends attempted drug frauds (and attempted arrests) when weapons are present. Because that danger is taken into account in the mandatory consecu-

tive sentence under section 924(c)(1), it should not also be reflected in Zamora's sentence on the distribution charge. *Cf.* U.S.S.G. § 2K2.4, comment. (n. 2) (upward adjustment for use of firearm in relation to drug offense improper when defendants subject to consecutive sentence under section 924). Accordingly, the five-level upward departure in computing Zamora's sentence was unwarranted, and we therefore vacate his sentence and remand to the district court for resentencing.[2]

VACATED AND REMANDED.

RYMER, Circuit Judge, dissenting:

Because I believe the added danger inherent in a fraudulent drug sale is an aggravating circumstance "of a kind or to a degree the Commission did not adequately take into account when formulating the guidelines," *United States v. Lira–Barraza,* 941 F.2d 745, 746 (9th Cir.1991) (en banc), I respectfully dissent.

The Guidelines determine sentences for drug offenses, except for situations not present here, based on drug quantity. U.S.S.G. § 2D1.1. A "rip-off" is not factored into the equation. Nor is there any indication that fraud occurs so frequently or in so many cases that the drug Guidelines must have taken such circumstances into account. By the same token, the fact that Zamora was subject to a mandatory minimum sentence under 18 U.S.C. § 924(c)(1) for possession of a gun during the drug-trafficking offense says nothing about whether the *Sentencing Commission* considered the circumstance of an ordinary transaction with guns and a full deck to be the same as an extraordinary transaction with guns and a stacked deck. Possession of a gun is dangerous for lots of reasons not having to do with one drug dealer's trying to cheat another—unloading on an innocent bystander who happens by at the wrong moment, protecting the contraband in transit, or shooting it out with a law enforcement officer, among them. Even so, I can't say with the majority that fraud adds little to the risk already reflected in § 924's manda-

---

**2.** We express no view as to whether an upward departure for fraud in a drug sale may be proper in cases where a defendant attempted a fraud but

was not subject to a consecutive sentence under 18 U.S.C. § 924(c)(1) for possession of a firearm in connection with the underlying drug offense.

tory provisions: Zamora was the one who tried to perpetrate the fraud and because he had a gun, *he* got hit with the mandatory minimum; the defrauded party (had it not been an undercover agent) might well also have had a gun, been a little upset at being taken, and let go on Zamora or others. Neither the Guidelines nor § 924 speaks to this risk at all. Therefore in my view, the district court did not lack authority to depart.

That being so, I cannot say the degree of departure was unreasonable. Zamora knowingly intended to gain, and correspondingly to cause loss, of $67,500. A 25–gram cocaine transaction would have gone down for $1,000–$1,500. The fraud Guidelines, relied on by the sentencing judge, are directly analogous. Accordingly, I would affirm.