**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Lanell PITTMAN, Defendant–Appellant.**

No. 94–5793.

United States Court of Appeals,
Sixth Circuit.

Argued March 24, 1995.

Decided June 1, 1995.

---

Frederick H. Godwin, Asst. U.S. Atty. (argued), Amy E. Spain, Asst. U.S. Atty. (briefed), Office of the U.S. Atty., Memphis, TN, for plaintiff-appellee.

T. Clifton Harviel, Jr., Fed. Public Defender (argued and briefed), Office of the Federal Public Defender, Memphis, TN, for defendant-appellant.

Before: MILBURN and NORRIS, Circuit Judges; MILES, District Judge.*

MILES, District Judge.

Lanell Pittman appeals his sentence imposed following his guilty plea to charges of solicitation to commit murder and use of an interstate commerce facility in the commission of a murder for hire. Pittman argues that the district court erred in departing upward from the guideline range sentence. For the reasons to follow, we AFFIRM.

*I*

On July 20, 1993, a federal grand jury returned an indictment charging Lanell Pittman with one count of solicitation to commit murder, in violation of 18 U.S.C. § 373 (Count I), and three counts of using interstate commerce facilities in the commission of a murder for hire, in violation of 18 U.S.C. § 1958 (Counts II, III, and IV).

The indictment arose out of Pittman's scheme to murder his niece, Anna Fuller, and her nine-year old daughter. Pittman, a Mississippi resident, arranged with an FBI informant in Memphis, Tennessee to procure the murders for a price of $5,000. Pittman reportedly told the informant that he wanted Anna Fuller and her daughter killed because they had filed sexual molestation charges against him in Mississippi.

Pittman pled guilty to Counts I and IV of the indictment. The United States filed a motion for upward departure from the sentencing guidelines. At the sentencing, the district court found that an upward departure was warranted because Pittman's offense involved more than one victim. The district court sentenced Pittman to 68 months imprisonment on Count I and 67 months imprisonment on Count IV, to be served consecutively, for a total of 135 months imprisonment, to be followed by

three years of supervised release. Judgment was entered, and Pittman filed this appeal.

*II*

■ A sentencing court may depart from the guideline range sentence where "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission...." 18 U.S.C. § 3553(b). When a sentencing court departs from the guidelines, it must state the specific reason for doing so in a short, clearly written statement or in a reasoned statement from the bench. *United States v. Holmes,* 975 F.2d 275, 282 (6th Cir.1992) (citing 18 U.S.C. § 3553(c)(2) and *United States v. Todd,* 920 F.2d 399, 408–09 (6th Cir.1990)), *cert. denied,* —— U.S. ——, 113 S.Ct. 1322, 122 L.Ed.2d 708 (1993).

■ We review upward departures using a three-step analysis:

The first step is a question of law regarding whether the circumstances of the case are sufficiently unusual to justify departure. Step two involves a determination as to whether there is an actual factual basis justifying the departure. Here, the standard is whether the determination made involves clear error.

.    .    .    .    .

The third step is that, once the Court has assured itself that the sentencing court considered circumstances appropriate to the departure, the degree of departure must be measured by a standard of reasonableness on appeal. Necessarily, the trial judge's determination must be given great deference, and, unless there is little or no basis for the trial court's action in departing, it must be upheld, provided the trial court has recognized that departure is the exception, and has adequately articulated its reasons for departure....

*United States v. Joan,* 883 F.2d 491, 494–96 (6th Cir.1989).

---

* The Honorable Wendell A. Miles, United States District Judge for the Western District of Michigan, sitting by designation.

■ The district court stated that it was departing upward because the guidelines did not take into account the fact that the crime as planned by Pittman involved more than one victim. Transcript at 22–23. Pittman argues that the district court's reliance on multiple victims as a basis for departure was improper because this circumstance was not sufficiently unusual to warrant departure.

In this case, we need not undertake a complex analysis to determine whether the Sentencing Commission adequately considered the possibility of multiple victims. The guidelines applicable to Pittman's offenses of conviction, United States Sentencing Commission, *Guidelines Manual*, §§ 2A1.5 and 2E1.4 (Nov.1992), simply do not mention multiple victims. Importantly, Chapter 5 of the guidelines, which addresses departures, gives the following example of a case warranting departure:

> ... physical injury would not warrant departure from the guidelines when the robbery offense guideline is applicable because the robbery guideline includes a specific adjustment based on the extent of any injury. *However, because the robbery guideline does not deal with injury to more than one victim, departure would be warranted if several persons were injured.*

U.S.S.G. § 5K2.0 (1993) (emphasis supplied). This same chapter requires sentencing courts in homicide cases to consider such "appropriate factors" as "whether multiple deaths resulted." U.S.S.G. § 5K2.1. This language demonstrates the Sentencing Commission's awareness that victimization of multiple persons during the same criminal activity is not reflected in all offense levels and that this factor is an appropriate basis for departure.[1] We therefore conclude that the first step of the departure analysis is satisfied and that the circumstance presented by this case—

multiple victims—is sufficiently unusual to justify departure. *See United States v. Kikumura,* 918 F.2d 1084, 1115 (3d Cir.1990) (upward departure warranted for defendant convicted in connection with bombing plot which would have resulted in numerous casualties had it succeeded as planned); *United States v. Carpenter,* 914 F.2d 1131, 1134 (9th Cir.1990) (upward departure warranted for sentence arising out of plot to murder defendant's estranged wife; guidelines did not adequately consider risk posed to three children and other innocent persons).

■ As for step two of our analysis, Pittman does not challenge the factual basis for the district court's departure. Pittman pled guilty to Counts I and IV of the indictment, each of which specifically charged that Pittman had planned two murders.[2] Therefore, step two of the departure analysis is satisfied.

■ The third and final step of our analysis requires us to review the degree of the departure, applying a standard of reasonableness. Although Pittman does not explicitly argue that the degree of the departure in this case—two points—was unreasonable, he does argue that the district court erroneously based its departure on a "legally deficient" hypothetical contained in the presentence report. Specifically, the presentence report states that if the victims had been named in separate counts of the indictment, the offenses would have been excluded from grouping under U.S.S.G. § 3D1.2(a). Presentence Report at 13. The report then sets forth a hypothetical guideline calculation which assumes separate counts for each of the two intended victims. *Id.* at 13–14. This calculation results in a total offense level of 31, which is two levels higher than Pittman's actual offense level of 29. *Id.* at 5–6. The sentencing range for Pittman's actual offense

---

1. Other sections of the guidelines likewise recognize multiple victims as a basis for departure. *See* USSG § 2A2.1, comment. (n.3) ("If the offense created a substantial risk of death or serious bodily injury to more than one person, an upward departure may be warranted"); § 3C1.2, comment. (n.6) ("If death or bodily injury results or the conduct posed a substantial risk of death or bodily injury to more than one person, an upward departure may be warranted").

2. We note that the presentence report states that Pittman told the government informant that Anna Fuller had a second daughter who should also be murdered if necessary. Presentence Investigation Report at 2, ¶ 7 and 13, ¶ 91). The district court merely found that Pittman planned the murder of "more than one person[.]" Transcript at 22. In our analysis we have assumed only two victims.

**1140**

level of 29 is 87 to 108 months, given his criminal history category of I. U.S.S.G. Ch.5, Pt.A. The sentencing range for the hypothetical calculation involving separate charging for the two victims is 108 to 135 months. *Id.* The district court's sentence of 135 months therefore stands at the high end of the hypothetical range, 27 months above the maximum sentence for his actual range.

Pittman argues that the hypothetical is deficient because Counts I and IV could not legally be separated into two different counts simply because he planned to murder two victims. The government appears to contend that it could indeed have charged the case differently. *See* Brief of Appellee at 15 ("Pittman should not benefit in his sentence from the way the United States drafted the indictment initially presented to the grand jury"). We need not determine whether the government in fact had the discretion to do so. We view the hypothetical as merely a methodology on which the district court relied to calculate the degree of departure, and we find the methodology to be a reasonable one. Here, the upward departure was based on Pittman's plan to murder more than one person. Other courts have held that "the reasonableness of a departure may be evaluated by 'treat[ing] the aggravating factor as a separate crime and ask[ing] how the defendant would be treated if convicted of it.'" *Kikumura,* 918 F.2d at 1112 (quoting *United States v. Ferra,* 900 F.2d 1057, 1062 (7th Cir.1990)). The sentence imposed did not exceed the term Pittman could have received had he planned the two murders separately. We therefore conclude that the degree of the departure was reasonable.

**AFFIRMED.**