83 F.3d 423
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Cleo JONES, Defendant-Appellant.
 No. 95-6224.
 United States Court of Appeals, Sixth Circuit.
 April 22, 1996.
 
 Before: CONTIE, SUHRHEINRICH and COLE, Circuit Judges.
 
 ORDER
 
 1
 John Cleo Jones, a federal prisoner, appeals the sentence imposed by the district court following his guilty plea to one count of armed bank robbery in violation of 18 U.S.C. § 2113(d). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 On May 1, 1995, Jones filed a petition to plead guilty to the charge described above. The district court accepted Jones's plea and sentenced him on August 29, 1995, to 78 months in prison, five years of supervised release, and $1,471 restitution. The district court departed upward from the calculated guidelines sentencing range of 51 to 63 months because, in the court's opinion, Jones's criminal history category did not adequately reflect the seriousness of Jones's violent history and propensities, his substance abuse and psychological problems required lengthy treatment, and society required protection from him.
 
 
 3
 On appeal, Jones argues that the district court erred in departing upward from the guidelines sentencing range.
 
 
 4
 Upon careful consideration, we conclude that the district court did not err in departing upward to reach the sentence imposed. Departures from the applicable guidelines range are permitted where "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree not adequately taken into consideration by the Sentencing Commission." 18 U.S.C. § 3553(b). This circuit has adopted a three-step test for reviewing departures: (1) determine whether the case is sufficiently unusual to warrant departure; (2) determine whether the unusual circumstances actually exist in the case; and (3) ensure that the direction and scope of the departure is reasonable. United States v. Joan, 883 F.2d 491, 494 (6th Cir.1989). The appellate court's review of the first step is de novo, review of the second step is for clear error, and review of the third step is essentially a judgment call made with great deference for the sentencing court's superior "feel" for the case. See United States v. Pittman, 55 F.3d 1136, 1138-39 (6th Cir.1995). As a rule, unless there is little or no basis for the sentencing court's action in departing upward, the sentence should be upheld. United States v. Little, 61 F.3d 450, 454 (6th Cir.1995), cert. denied, 1995 WL 770052 (U.S. Feb. 20, 1996); United States v. Thomas, 24 F.3d 829, 833 (6th Cir.), cert. denied, 115 S.Ct. 453 (1994).
 
 
 5
 The district court must provide specific reasons at sentencing to support its decision to depart from the applicable guidelines range. Thomas, 24 F.3d at 833-34. The district court in Jones's case provided three reasons to support its decision to depart upward, but the inadequacy of Jones's criminal history category was clearly the principal ground relied upon and is the ground on which both parties concentrated in their appellate briefs. The guidelines specifically allow the court to depart based upon inadequacy of criminal history category. See USSG § 4A1.3, p.s.; Thomas, 24 F.3d at 832. Jones's argument against departure emphasizes the facts that most of his arrests occurred while he was a juvenile and that many did not result in convictions, concluding that "there is hardly anything unusual about his criminal history." The district court disagreed and its conclusion that Jones's criminal history and propensity for violence were not adequately reflected in the four adult convictions counted in his criminal history score is not erroneous.
 
 
 6
 Moreover, it is clear that Jones's likelihood of recidivism and the need to isolate him from the community to protect society from further crimes, also cited by the district court, is a proper basis for departure. See United States v. Bennett, 975 F.2d 305, 309 (6th Cir.1992); United States v. Griess, 971 F.2d 1368, 1373 (8th Cir.1992) (per curiam).
 
 
 7
 Since we agree that Jones's case is sufficiently unusual to warrant departure and that the unusual circumstances actually exist in this case, it remains only to review whether the extent of departure was reasonable. With one limited exception (when a defendant is already assigned to criminal history category VI), a sentencing court must examine the next higher criminal history category when departing upward from the guidelines. United States v. Schultz, 14 F.3d 1093, 1101-02 (6th Cir.1994). That is precisely what the district court did in this case. Under the circumstances of this case, and in light of the multiple grounds supporting departure, the degree of departure chosen by the district court is reasonable.
 
 
 8
 Accordingly, the district court's judgment, entered on August 30, 1995, is affirmed.