86 F.3d 1156
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory Lee BRAY, Defendant-Appellant.
 No. 95-6296.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1996.
 
 1
 Before: RYAN and NORRIS, Circuit Judges; JOINER, District Judge.*
 
 ORDER
 
 2
 Gregory Bray, represented by counsel, appeals his judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In May 1995, Bray pleaded guilty to unauthorized use of an access device in violation of 18 U.S.C. § 1029(a) and impersonation of a federal employee in violation of 18 U.S.C. § 912. He was sentenced to 66 months of imprisonment.
 
 
 4
 Bray has filed a timely appeal, arguing that: 1) the district court improperly departed upward from the applicable guidelines range; and 2) the district court improperly denied him a reduction for acceptance of responsibility.
 
 
 5
 Upon review, we conclude that the district court did not err in departing upward to reach the sentence imposed upon Bray. Departures from the applicable guidelines range are permitted where "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission." 18 U.S.C. § 3553(b). This court utilizes a three-step test for reviewing departures, which requires it to: 1) determine whether the case is sufficiently unusual to warrant departure; 2) determine whether the unusual circumstances actually exist in the case; and 3) ensure that the direction and scope of the departure is reasonable. United States v. Joan, 883 F.2d 491, 494 (6th Cir.1989). Our review of the first step is de novo, review of the second step is for clear error, and review of the third step is essentially a judgment call made with great deference for the sentencing court's superior "feel" for the case. See United States v. Pittman, 55 F.3d 1136, 1138-39 (6th Cir.1995).
 
 
 6
 As required, the district court provided specific reasons at sentencing to support its decision to depart from the applicable guidelines range. See United States v. Thomas, 24 F.3d 829, 832 (6th Cir.), cert. denied, 115 S.Ct. 453 (1994). The district court explained that it was departing upward because of Bray's extensive criminal history score of forty. Moreover, it considered the severity of the offenses listed in the presentence report, the repetitive nature of the offenses, and the likelihood that Bray would continue in a course of criminal conduct. Departure was warranted because Bray's criminal history category of VI did not adequately reflect the seriousness of his past criminal conduct or the likelihood that he would commit other crimes. See Thomas, 24 F.3d at 832; United States v. Osborne, 948 F.2d 210, 214 (6th Cir.1991). In such a case, the sentencing court should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case. United States v. Little, 61 F.3d 450, 454 (6th Cir.1995), cert. denied, 116 S.Ct. 954 (1996). While the sentencing court must explain why it found the chosen range is appropriate, a mechanistic recitation of why each intervening guideline range was rejected is not required. Thomas, 24 F.3d at 834. The district court also took steps to determine the proper departure range. In order to determine an appropriate range of departure, the district court counted the difference between 16 (the last three point increment in the highest criminal history category) and 40 (Bray's score) and derived at 24. The district court then determined that the three point increments that remain between 16 and 40 (a total of 8 increments) would move Bray from Level 12, Category VI and place him in the guideline range of Level 20, Category VI, yielding a sentencing range of 70 to 87 months. However, the district court concluded that this amount overstated the severity of the criminal history. Hence, the district court determined that under the totality of the circumstances a guideline range of 57 to 71 months (Level 18, Category VI) more accurately reflected an appropriate guideline range. Under the totality of the circumstances, the degree of the departure was reasonable.
 
 
 7
 The district court properly denied Bray a two-point reduction for acceptance of responsibility. See United States v. Mahaffey, 53 F.3d 128, 131 (6th Cir.1995). We render de novo review of a district court's legal conclusion as to whether the facts warrant application of a particular guideline. United States v. Smith, 39 F.3d 119, 122 (6th Cir.1994). Bray did not meet his burden of proving acceptance of responsibility by a preponderance of the evidence. See United States v. Donathan, 65 F.3d 537, 541-42 (6th Cir.1995). The mere fact that he confessed and admitted his responsibility for the offense does not entitle him to an acceptance of responsibility reduction. See Mahaffey, 53 F.3d at 134. This is so because a reduction under USSG § 3E1.1 is not warranted where the defendant engages in ongoing criminal activity after his written statement admitting his responsibility for the offense. United States v. Zimmer, 14 F.3d 286, 289 (6th Cir.1994). Bray does not dispute that he gave a written statement on March 26, 1993, admitting that he had posed as a secret service agent to obtain access device information. Nonetheless, the presentence report reflects that, subsequent to his statement, Bray continued a course of criminal conduct similar to the charged offense. Thus, the district court properly denied Bray a two-point reduction for acceptance of responsibility.
 
 
 8
 Accordingly, we affirm the district court's judgment.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation