**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Richard Glen MATHEWS,
Defendant–Appellant.**

No. 95–50361.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 20, 1996.

Decided July 17, 1997.

Amended Aug. 6, 1997.

Thomas L. Sauer, La Jolla, CA, for defendant–appellant.

Larry A. Burns, Assistant United States Attorney, San Diego, CA, for plaintiff–appellee.

Before: KOZINSKI and LEAVY, Circuit Judges, and SCHWARZER,* Senior District Judge.

SCHWARZER, Senior District Judge:

## FACTS

Richard Mathews had a grudge against James Rivera, a motorcycle gang leader who had kicked Mathews out of the gang. For that reason, Mathews and an accomplice decided to build a bomb packed with steel balls (to increase the risk of personal injury), and to plant it next to the rented house of Rivera and his girlfriend. While collecting cans in the alley by the residence, James Wilson picked up the box containing the bomb and was severely injured when it exploded. The explosion also damaged the residence and created a risk of serious injury to the two occupants. Mathews was convicted of six federal offenses and his convictions were affirmed on his prior appeal. *See United States v. Mathews,* 36 F.3d 821 (9th Cir. 1994). His sentence was vacated, however, and the case was remanded for resentencing. On remand, the district court imposed a term of 151 months on count 2 for violation of 18 U.S.C. §§ 2 and 844(I) (the bombing count), and 360 months, consecutive, on count 3 for violation of 18 U.S.C. §§ 2 and 924(c) (the firearm count). The 60–month sentences imposed on the remaining counts were concurrent and have not been challenged. Mathews appeals from the sentence on count 2.

## THE PRIOR PROCEEDINGS

The district court originally sentenced Mathews on count 2 under Guideline § 2K1.4(c)(2), Property Damage by Use of Explosives, which directs that

> If death resulted, or the offense was intended to cause death or serious bodily injury, apply the most analogous guideline from Chapter Two, Part A.

The district court found the most analogous guideline to be § 2A2.1(a)(1), Assault with Intent to Commit Murder. On the prior appeal, we held that reference to that guideline was inappropriate because "[i]t is not . . . clear by even a preponderance of the evidence that Mathews had the intent requisite to constitute first degree murder." *Mathews,* 36 F.3d at 823.

On remand, the district court applied Guideline § 2A2.1(a)(2), which covers assaults in which the object is murder, other than first degree murder, and provides a base offense level of 22. Pursuant to § 2A2.1(b)(1)(A), applicable where the victim sustained permanent or life-threatening bodily injury, the court added 4 levels for an adjusted base offense level of 26. The district judge then imposed an upward departure, relying on Application Note 3, which provides that "[i]f the offense created a sub-

---

* Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

stantial risk of death or serious bodily injury to more than one person, an upward departure may be warranted." He did so by referring to what he found to be the most analogous Guideline, § 2A2.3, Minor Assault. That guideline sets a base offense level of 6 for conduct involving the threatened use of a dangerous weapon, or 3 in other cases. The court opted for 4 levels which, in Mathews' criminal history category of III, resulted in a guideline range of 121 to 151 months. The court sentenced Mathews to 151 months, consecutive, in addition to the mandatory sentence of 360 months under count 3. Mathews appeals from the sentence on the ground that the upward departure was unlawful.

## DISCUSSION

### I. STANDARD OF REVIEW

■ We review a district judge's decision to depart from the guidelines for abuse of discretion. *Koon v. United States,* — U.S. —, —, 116 S.Ct. 2035, 2047, 135 L.Ed.2d 392 (1996); *United States v. Sablan,* 114 F.3d 913, 916 (9th Cir.1997) (en banc).

### II. THE VALIDITY OF THE UPWARD DEPARTURE FOR CREATING A RISK OF DEATH OR SERIOUS BODILY INJURY TO MORE THAN ONE PERSON

Mathews argues that the district court erred in departing upward for the § 844(I) sentence in three respects: (1) that it lacked the legal authority because the 30–year consecutive sentence for violation of 18 U.S.C. § 924(c), in addition to the sentence for the underlying offense, already takes into account the dangerousness of using a bomb; (2) that there were insufficient facts before the district court at sentencing to support an upward departure; and (3) that the extent of the departure was unreasonable.

#### A. *Legal Authority to Depart*

■ Mathews argues that the Sentencing Commission adequately took into account the substantial risk of death or serious bodily injury to more than one person caused by the use of an explosive device. He refers to Guideline § 2K2.4, under which he was sen-

tenced on count 3 for violation of § 924(c). Application Note 2 states that where a sentence is imposed under this guideline in conjunction with a sentence for the underlying offense, "any specific offense characteristic for the possession, use, or discharge of an explosive ... is not to be applied in respect to the guideline for the underlying offense." The Background Note is to the same effect, explaining that the intent is to avoid double counting. Mathews contends that, when the district court departed for substantial danger to more than one person, it was applying specific offense characteristics for explosive discharges.

Application Note 2 cites the robbery guideline as an example of such specific offense characteristics, which provides enhancements for the discharge, use, display, or possession of a firearm or dangerous weapon, or the making of an express death threat in connection with the offense. *See* § 2B3.1(b)(2). Such specific offense characteristics of the underlying offense would clearly be redundant where a conviction is for violation of § 924(c), i.e., they merely punish for what § 924(c) already prohibits (commission of the underlying offense with the use of a weapon). The offense characteristic of serious harm to more than one person, however, relates to the possible consequence of the use of an explosive under particular circumstances, i.e., § 924(c) can be violated with or without causing risk of harm to more than one person. Thus, the upward departure here would not have the effect of double counting. *Cf. United States v. Zamora,* 37 F.3d 531, 533–34 (9th Cir.1994) (no upward departure permitted for increased risk of violence in a fraudulent drug transaction because the § 924(c) conviction already took into account the increased risk of violence where gun is carried during a drug transaction).

#### B. *Sufficiency of the Factual Findings*

■ Mathews next argues that the factual findings are insufficient to support the departure and are plainly erroneous. The district court, in making findings in support of the departure, said that "the facts are not in any dispute. There were two persons inside the home, which was substantially destroyed by

the bomb." Mathews did not object to the finding and did not make an issue of the degree of danger to which the two occupants of the residence were exposed. On the contrary, counsel stated at the sentencing hearing: "That explosive device created a substantial risk that people would be injured, that people would be killed, and there is no question that that risk found fruition in the tremendous and serious injuries suffered by the victim in this case." *See also Mathews,* 36 F.3d at 823 ("[T]he bomb was close enough to Rivera's home to destroy it and . . . the destruction would have killed or caused serious bodily injury to anyone within.").

In view of Mathews' failure to object at the sentencing hearing and the fact that he does not now challenge the substantial truth of the findings, we find no plain error. *See United States v. Pinto,* 48 F.3d 384, 390 (9th Cir.), cert. denied, —— U.S. ——, 116 S.Ct. 125, 133 L.Ed.2d 74 (1995).[1]

### C. *The Reasonableness of the Upward Departure*

■ Even a factually supported, legally authorized departure must be vacated if the extent of the departure is unreasonable. 18 U.S.C. § 3742(f)(2); *Sablan,* 114 F.3d at 917. In *Sablan,* we overruled *United States v. Lira–Barraza,* 941 F.2d 745 (9th Cir.1991), and held, in light of *Koon,* that "the extent of an upward departure [does not] require[ ] a comparison to analogous Guideline provisions." 114 F.3d at 919.

Here, in arriving at the upward departure, the district court did analogize to Guideline § 2A2.3, Minor Assault. That guideline sets an offense level of 6 if a dangerous weapon is possessed and its use threatened, or 3 in other cases. The court reasoned that:

> [H]ere there was a firearm possessed and its use not only was threatened, it was actually used, and that commands six. So, I think that taking four is not an unreasonable extent of departure when you consider the fact that the bomb was used, that it

did destroy the home, and that there were two persons that were put at risk by that act. So I think that a four-point departure is not unreasonable.

Mathews contends that the extent of the departure was unreasonable.

■ Where an upward departure is based on an analogy to another guideline, one measure of the reasonableness of the departure is to treat the aggravating factor as a separate crime and ask how the defendant would be sentenced if convicted of that crime. We have previously observed that a departure which results in a sentence greater than the sentence the defendant would have received if he had been convicted of the additional crimes "create[s] more distortion than the regular guideline procedure." *United States v. Luscier,* 983 F.2d 1507, 1513–14 (9th Cir. 1993). Other courts have also evaluated the reasonableness of upward departures by "treat[ing] the aggravating factor as a separate crime and ask[ing] how the defendant would be treated if convicted of it." *United States v. Kikumura,* 918 F.2d 1084, 1112 (3d Cir.1990) (quoting *United States v. Ferra,* 900 F.2d 1057, 1062 (7th Cir.1990) ("It would throw the structure of the guidelines out of kilter to say that a defendant may receive more time on a 'departure' than he could have received had he been convicted of the crimes leading the judge to depart." *Id.* at 1063)); *see also United States v. Herrera,* 70 F.3d 444, 446 (7th Cir.1995) (holding departure for attempted murder in course of drug crime reasonable by reviewing it in light of sentence that would have been imposed, under grouping rules, if it were charged), cert. denied, —— U.S. ——, 116 S.Ct. 1695, 134 L.Ed.2d 795 (1996); *United States v. Pittman,* 55 F.3d 1136, 1139–40 (6th Cir.1995) (holding departure reasonable where sentence did not exceed the term the defendant could have received had he planned the two offenses separately). The government in its brief agrees that where a guideline is used by analogy as closely approximating the defendant's conduct, the reasonableness of the

---

1. In his reply brief Mathews complains of the government's failure to have given him advance written notice of its intent to request a departure. He fails to show how he was prejudiced, however; he declined the district court's offer of additional time to respond and the lengthy argument at the sentencing hearing indicates that he had ample opportunity to respond.

departure is evaluated by treating the aggravating factor as a separate crime and asking how defendant would be treated if convicted of it.

The Minor Assault Guideline, § 2A2.3(a)(1), in Mathews' criminal history category of III, provides a sentencing range from 2 to 8 months. But adding the 4 levels the district court attributed to the minor assault on top of the offense level calculated under the Assault with Intent to Murder Guideline, § 2A2.1(a)(2), increases the sentencing range by 24 to 73 months (from 78–97 months to 121–151 months)-a gross distortion of the guideline scheme.

That the result is an unreasonable departure is confirmed when we consider the sentence that would have resulted had the assault on the two occupants of the home been charged. If Mathews had been charged with minor assault on each of the two occupants of the house, the three related offenses would have been subject to the grouping rules, §§ 3D1.2–3D1.4: two minor assaults at offense level 6, and the principal assault against Wilson at offense level 26. Because the difference between these counts exceeds 9 levels, the two assaults on Rivera and his girlfriend would not increase Mathews' sentence. *See* § 3D1.4(c). The Sentencing Commission's background commentary makes clear that this is the intended result of the grouping rules, and indicates that additional punishment for substantially less culpable offense groups should usually be handled by sentencing at the higher end of the guideline range, warranting departure only in unusual cases. *See* Background Commentary to § 3D1.4 ("[C]ounting the lesser Groups fully for purposes of the table could add excessive punishment, possibly even more than those offenses would carry if prosecuted separately.").

In adding four levels by analogy to minor assault, rather than employing the grouping rules, the court increased the sentence from the indicated guideline range of 78 to 97 months to 151 months. In doing so, it gave Mathews an offense level equivalent to what he would have received had he committed two additional offenses of equal or nearly equal seriousness as the bombing offense, plus one of somewhat lesser seriousness.[2] If the risk to the occupants of the house is properly characterized as the equivalent of two minor assaults, the four-level increase was greatly disproportionate.[3] We therefore hold the extent of the departure unreasonable and remand for resentencing.

■ The determination whether and how far upward to depart remains in the district court's discretion. If, on remand, the court departs, it shall, in accordance with 18 U.S.C. § 3553(c), state "the specific reason for the imposition of a sentence different from that described" in the guideline. *See Lira–Barraza*, 941 F.2d at 751; *United States v. Todd*, 909 F.2d 395, 398–99 (9th Cir.1990) (sentence vacated because court "failed to explain why it sentenced [the defendant] to a prison term 34 months in excess of the maximum term . . . under the Guidelines"); *United States v. Gayou*, 901 F.2d 746, 749–50 (9th Cir.1990) (same); *United States v. Wells*, 878 F.2d 1232, 1233 (9th Cir.1989). The requirement that the court state its reasons for imposing

---

**2.** Under § 3D1.4, the combined offense level is determined by adding units for each group of offenses. To reach Mathews' offense level of 30, he would have had to have been convicted of two additional offenses of at least 22 levels each, plus one of at least 18 levels.

**3.** While the determination of the extent of the upward departure remains within the district court's discretion on remand, the court is not required to analogize to other Guideline provisions. We suggest that other avenues are available to the district court to produce a sentence that is not unreasonable. *See Sablan*, 114 F.3d at 919 n. 10 ("An analysis and explanation by analogy, per *Lira–Barraza*, [remains] a useful way for the district court to determine and explain the extent of departure."). One appropriate approach would be to treat the danger of the bomb to the occupants of the house as two additional assaults with intent to commit murder under § 2A2.1(a)(2) (the same guideline that was applied to the principal offense) for a base offense level of 22 (no injuries). *See United States v. Johnson*, 931 F.2d 238 (3d. Cir.) (use of group counting guidelines in determining level of upward departure to reflect that three victims were assaulted was reasonable), *cert. denied,* 502 U.S. 886, 112 S.Ct. 242, 116 L.Ed.2d 197 (1991). Under the grouping rules, § 3D1.4(a), three points would be added to the base offense level resulting in a combined offense level of 29 and a sentencing range of 108 to 135 months.

a particular sentence is distinct from the required statement of reasons for departing. This case illustrates the justification for the requirement; as we have noted, a four-level adjustment at elevated offense levels can have a dramatic effect on the length of the sentence quite disproportionate to what the sentence would have been for the analogous offense standing alone. In this case, the judge adequately explained why he intended to depart and why he chose as analogous the minor assault guideline. But he failed to explain why he imposed a sentence 54 months longer than the maximum guideline sentence of 97 months.

In addition, the court should state the reason for imposing a sentence at a particular point within the guideline range where the range exceeds 24 months, as required by 18 U.S.C. § 3553(c)(1).

The sentence is VACATED and the case REMANDED for further proceedings.