139 F.3d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Nicolas RAMIREZ-GONZALEZ, Defendant-Appellant.
 No. 97-30058.
 United States Court of Appeals, Ninth Circuit.
 Feb. 13, 1998.
 
 Appeal from the United States District Court for the Eastern District of Washington Alan A. McDonald, District Judge, Presiding Submitted February 6, 1998** Seattle, Washington.
 Before BRUNETTI, RYMER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In sentencing Nicolas Ramirez-Gonzalez ("Ramirez"), the district court departed upward from the Sentencing Guidelines pursuant to U.S.S.G. § 5K2.8. Ramirez appeals the court's decision to depart and the extent of the departure.
 
 I.
 
 3
 Ramirez, along with Jose Gaeta and Juan Raul Portillo, kidnapped Pat Tucker and held him for ransom. Mr. Tucker testified at the sentencing hearing that, during a two hour period of his eighteen hour abduction, he was "shot" on the head seven times with an unknown weapon.
 
 
 4
 The district court cited § 5K2.8 in departing upward from the Sentencing Guidelines. That section states:
 
 
 5
 If the defendant's conduct was unusually heinous, cruel, brutal, or degrading to the victim, the court may increase the sentence above the guideline range to reflect the nature of the conduct. Examples of extreme conduct include torture of a victim, gratuitous infliction of injury, or prolonging of pain or humiliation.
 
 
 6
 U.S.S.G. § 5K2.8, p.s.
 
 
 7
 The district court made the following findings of fact at sentencing:
 
 
 8
 It was the defendant who was armed with the revolver at the time of the abduction of the victim from his residence. He was the only one. This same revolver was found in defendant's possession at the time of his arrest. This defendant was with the victim continuously from the time of the abduction until the following morning. During this time there were intervals when this defendant was left alone with the victim. The victim was made to lie down. The victim reported that the explosions he heard sounded like gunshots, and these shots then occurred at the intervals mentioned.
 
 
 9
 On the basis of those findings, this court concludes that the defendant was responsible for firing these shots at or near the victim's head and was present when those shots were fired.
 
 
 10
 Ramirez argues that § 5K2.8 only allows for upward departure if it was the defendant's conduct that was extreme. He asserts that there was no evidence that it was he (as opposed to his cohorts) who repeatedly "shot" the victim.
 
 
 11
 As Ramirez decided to plead guilty after a short portion of the testimony of the government's first witness, there is little trial testimony on which to base factual findings. At the change of plea hearing, however, Ramirez agreed that the government's counsel accurately described his involvement in the kidnapping. This description included the following assertions: (1) Ramirez and Gaeta abducted the victim from his home with a gun, (2) Ramirez and Gaeta bound the victim's hands and feet, (3) Ramirez and Gaeta transported the victim across the Columbia River into Oregon when their car broke down, and (4) after the car broke down, Gaeta ran to call Portillo for assistance. Additionally, there is information in the sealed Presentence Investigation Report that indicates that the first "shot" occurred at this time. Thus, it can reasonably be inferred that Ramirez was the only person present when the "shots" to the victim's head began.
 
 
 12
 "Where ... a district court sets out findings justifying the magnitude of its decision to depart and extent of departure from the Guidelines, and that explanation cannot be said to be unreasonable, the sentence imposed must be affirmed." United States v. Sablan, 114 F.3d 913, 919 (9th Cir.1997) (en banc). "A district court's decision to depart from the Guidelines ... will in most cases be due substantial deference, for it embodies the traditional exercise of discretion by a sentencing court." Koon v. United States, 518 U.S. 81, 116 S.Ct. 2035, 2047-48 (1996). We hold that the district court's findings were reasonable and affirm the court's decision to depart under § 5K2.8.
 
 II.
 
 13
 Ramirez contends that the extent of the departure was unreasonable. We review for an abuse of discretion the extent of a departure. Sablan, 114 F.3d at 919.
 
 
 14
 In determining the extent of the departure, the district court analogized to U.S.S.G. § 2A2.3, Minor Assault, which provides for a base offense level of six, "if the conduct involved physical contact, or if a dangerous weapon (including a firearm) was possessed and its use was threatened...." Based on this analogy, the district court departed upward six levels from the offense level 29 to a total offense level 35. With Ramirez' applicable criminal history category of III, the sentencing table specifies a guideline range of 270 to 322 months. The court imposed a sentence of 270 months.
 
 
 15
 It is no longer necessary to determine the extent of an upward departure based on analogy to another sentencing guideline. Id. Again, "[w]here ... a district court sets out findings justifying the magnitude of its decision to depart and extent of departure from the Guidelines, and that explanation cannot be said to be unreasonable, the sentence imposed must be affirmed." Id.
 
 
 16
 The district court was clear in articulating that the repeated blows to the victim's head justified the increased sentence:
 
 
 17
 The repeated use against the victim ... of this weapon ... was in the view of this court cruel and sadistic. At the time the shots were fired the victim was lying down, he was bound hand and foot, and his head was covered. He was especially vulnerable. He legitimately thought he had been shot or that the next shot would end his life, and he waited throughout the course of this exercise in cruelty while each shot was fired.
 
 
 18
 We feel that the district court properly set out findings justifying the extent of departure and that its explanation was reasonable.[1]
 
 
 19
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We disagree with Ramirez' contention that United States v. Mathews, 120 F.3d 185 (9th Cir.1997), requires that we hold that the extent of departure was unreasonable. Mathews involved the placement of a homemade bomb that seriously injured one man, damaged a residence, and created a risk of injury to the two occupants of that residence. Id. at 186. In the case at hand, the victim was abducted at gunpoint from his residence, held overnight, and struck in the head seven distinct times. The repeated and gratuitous nature of this violent conduct distinguishes this case from Mathews