**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

RICHARD GLEN MATHEWS,
*Defendant-Appellant.*

No. 19-56110

D.C. Nos.
3:16-cv-01356-BEN
3:91-cr-00663-BEN-2

OPINION

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted December 8, 2021[*]
Pasadena, California

Filed June 13, 2022

Before: Paul J. Kelly, Jr.,[**] Milan D. Smith, Jr., and
Danielle J. Forrest, Circuit Judges.

Opinion by Judge Forrest

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

## SUMMARY***

### 28 U.S.C. § 2255

Reversing the district court's denial of Richard Mathews's 28 U.S.C. § 2255 motion and remanding with instructions to vacate his conviction and sentence under 18 U.S.C. § 924(c)(1) for use and carrying an explosive device during a crime of violence, the panel held that, as the parties agree, a conviction under 18 U.S.C. § 844(i) is not a crime of violence under 18 U.S.C. § 924(c)(3).

Applying the categorical approach, the panel explained that because a person can be convicted under Section 844(i) for using an explosive to destroy his or her *own* property, Section 844(i) criminalizes conduct that falls outside Section 924(c)'s definition of crime of violence definition—an offense committed against the person or property *of another*.

The panel wrote that the district court—which relied on this court's decision in Mathews's direct appeal rejecting Mathews's argument that his property-damage and firearm convictions violated the double jeopardy clause "as punishment for the same conduct"—erred by not applying the categorical approach, which is required when determining whether an offense is a crime of violence.

---

*** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Kara Hartzler, Federal Defenders of San Diego Inc., San Diego, California, for Defendant-Appellant.

Randy S. Grossman, Chief, Appellate Section, Criminal Division; Daniel E. Zipp, Assistant United States Attorney; United States Attorney's Office, San Diego, California; for Plaintiff-Appellee.

**OPINION**

FORREST, Circuit Judge:

Defendant-Appellant Richard Mathews argues that his conviction and sentence under 18 U.S.C. § 924(c)(1) for using or carrying an explosive device during a crime of violence should be vacated. The Government concedes that Mathews's conviction under 18 U.S.C. § 844(i) is not a crime of violence under Section 924(c)(3) after *United States v. Davis*, __ U.S. __, 139 S. Ct. 2319 (2019). We reverse the district court's denial of Mathews's 28 U.S.C. § 2255 motion and remand with instructions to vacate his Section 924(c) conviction and resentence him accordingly.

## I. BACKGROUND

### A. Mathews's Conviction and Sentence

In 1990, the leader of Mathews's motorcycle gang kicked him out of the gang. In retaliation, Mathews and an accomplice placed a "bomb packed with steel balls (to increase the risk of personal injury)" in the alley beside the gang leader's home. *United States v. Mathews*, 120 F.3d 185, 186 (9th Cir. 1997), *as amended* (Aug. 6, 1997). A man

unaffiliated with either Mathews or his target walked down the alley collecting cans and picked up the box that had the bomb in it. *Id.* The bomb detonated, and the man suffered serious injuries. *Id.*

Mathews was convicted of multiple felonies. Relevant here, he was convicted of maliciously damaging or destroying property by means of an explosive, in violation of 18 U.S.C. § 844(i) (the property-damage conviction), and of using or carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (the firearm conviction). An explosive device is a "firearm" under Section 924(c), and when a conviction under this statute is based on use of an explosive device, it carries a 30-year mandatory, consecutive sentence. 18 U.S.C. § 924(c)(1)(B)(ii). After several appeals, Mathews was sentenced to 495 months' imprisonment, 360 months of which were for the firearm conviction.

## B. The Supreme Court's Johnson and Davis Decisions

Section 924(c)(3) defines a "crime of violence" as any felony that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or a felony "(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). Subsection A is commonly referred to as the "elements" clause, while subsection B is referred to as the "residual" clause. *Davis*, __ U.S. at __, 139 S. Ct. at 2324.

In 2015, the Supreme Court struck down a similarly worded "residual clause" in the Armed Career Criminal Act as unconstitutionally vague. *Johnson v. United States*, 576 U.S. 591, 597–98 (2015). Mathews then moved under

28 U.S.C. § 2255 to vacate his firearm conviction, arguing that it rested on the residual clause in Section 924(c)(3)(B). The district court received briefing from both parties, but it did not decide the motion. Then, in 2019, the Supreme Court also struck down Section 924(c)(3)'s residual clause as unconstitutionally vague. *Davis*, __ U.S. at __, 139 S. Ct. at 2336. Mathews raised the *Davis* decision to the district court in a supplemental brief.

### C. The District Court's Decision

Two months after the *Davis* decision, the district court denied Mathews's Section 2255 motion to vacate his sentence, holding that his property-damage conviction was a crime of violence under Section 924(c)(3). The district court did not apply the categorical approach to determine whether the property-damage conviction was a crime of violence but instead held that "the primary purpose of the categorical approach is to effectuate the intent of Congress," and thus it was "bound" by our 1994 decision in Mathews's direct appeal stating that Congress intended for bombing under 28 U.S.C. § 844(i) to be a crime of violence under Section 924(c).

We granted Mathews a certificate of appealability. Case No. 19-56110, Dkt. No. 5. Before either party submitted briefing, the Government filed an unopposed motion to vacate Mathews's conviction and remand for resentencing. The Government concedes that, under the categorical approach, Mathews's property-damage conviction is not a crime of violence under Section 924(c)(3)(A)'s elements clause. We denied the Government's unopposed motion "without prejudice to renewing its arguments in the answering brief" and "express[ed] no opinion as to the merits of the appeal." Case No. 19-56110, Dkt. No. 7.

## II. DISCUSSION

"We review de novo whether a criminal conviction is a 'crime of violence.'" *United States v. Benally*, 843 F.3d 350, 353 (9th Cir. 2016). Following *Davis*, Mathews's conviction cannot qualify as a crime of violence under the residual clause of Section 924(c)(3)(B). Thus, his firearm conviction stands only if it comes within the elements clause. 18 U.S.C. § 924(c)(3)(A). We conclude that it does not.

To determine whether an offense is a crime of violence under Section 924(c), we apply the "categorical approach." *United States v. Dominguez*, 954 F.3d 1251, 1259 (9th Cir. 2020). "An offense is categorically a crime of violence only if the least violent form of the offense qualifies as a crime of violence." *Id.* In other words, we must "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—*i.e.*, the offense as commonly understood." *Descamps v. United States*, 570 U.S. 254, 257 (2013). The categorical test is satisfied "only if the statute's elements are the same as, or narrower than, those of the generic offense." *Id.*

We agree with the parties that Mathews's property-damage conviction is not categorically a crime of violence and, therefore, cannot serve as a predicate crime for his firearm conviction. Section 924(c) defines a crime of violence as an offense committed against "the person or property *of another*." 18 U.S.C. § 924(c)(3)(A) (emphasis added). A person can be convicted under Section 844(i) for using an explosive to destroy his or her *own* property. *See, e.g.*, *United States v. White*, 771 F.3d 225, 227 (4th Cir. 2014). As such, Section 844(i) criminalizes conduct that falls outside Section 924(c)'s definition of "crime of violence," and there is not a categorical match between the two statutes.

No doubt it is strange to classify placing a bomb in an alleyway for the purpose of causing harm to another person or their property as not a crime of violence, particularly where the bomb was picked up by an innocent bystander who was seriously injured by the detonation. But that is what the law requires of us in this case. *Davis*, __ U.S. at __, 139 S. Ct. at 2328; *Dominguez*, 954 F.3d at 1259.

In holding to the contrary, the district court relied on our decision in *United States v. Mathews*, 36 F.3d 821, 823 (9th Cir.), *supplemented*, 37 F.3d 1507 (9th Cir. 1994). Mathews argued in that direct appeal that his property-damage and firearm convictions violated the double jeopardy clause "as punishment for the same conduct." *Id.* We rejected that argument, explaining that Congress intended to punish the firearm provision as a separate offense. *Id.* In doing so, we did not apply the categorical approach. The district court concluded that it was "bound by [our] prior findings about Congressional intent" such that it "need not apply the categorical approach" when analyzing whether Mathews's property-damage conviction qualified as a crime of violence under Section 924(c)(3). This was error because courts *must* apply the categorical approach when determining whether an offense is a crime of violence. *Davis*, __ U.S. at __, 139 S. Ct. at 2328.

In sum, we now join our sister circuits in holding that a conviction under Section 844(i) is not a crime of violence for purposes of Section 924(c)(3). *See In re Franklin*, 950 F.3d 909, 911 (6th Cir. 2020); *United States v. Salas*, 889 F.3d 681, 684 (10th Cir. 2018); *United States v. Wilder*, 834 F. App'x 782, 784 (4th Cir. 2020).

We **REVERSE** the district court's denial of Mathews's Section 2255 motion and **REMAND with instructions** to

vacate his Section 924(c) conviction and resentence him accordingly.