Corrected Reprint 6/21/2007

**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

GREGORY ANTHONY RENDON-
DUARTE,
            *Defendant-Appellant.*

No. 06-30200

D.C. No.
CR-05-00087-2-
a-RRB

AMENDED
OPINION

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted
December 5, 2006—Seattle, Washington

Filed June 20, 2007

Before: Betty B. Fletcher and M. Margaret McKeown,
Circuit Judges, and William W Schwarzer,* District Judge.

Opinion by Judge Schwarzer

---

*The Honorable William W Schwarzer, Senior United States District
Judge for the Northern District of California, sitting by designation.

**COUNSEL**

Allison Mendel, Mendel & Associates, Anchorage, Alaska, for the defendant-appellant.

Jo Ann Farrington, Assistant U.S. Attorney and Deborah M. Smith, Acting U.S. Attorney, Anchorage, Alaska, for the plaintiff-appellee.

## OPINION

SCHWARZER, District Judge:

Gregory Anthony Rendon-Duarte (Rendon-Duarte) was sentenced to 70 months' imprisonment and 36 months' supervised release after a jury convicted him of one count of being a felon in possession of two firearms, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). On appeal, he challenges the district court's admission of evidence under Federal Rule of Evidence 404(b) of two prior incidents of gun possession to prove intent, knowledge and lack of mistake. He also challenges the district court's finding that his prior Alaska state court conviction of Assault in the Third Degree qualifies as a "crime of violence" under the Sentencing Guidelines. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

On September 1, 2005, Anchorage police officers observed Rendon-Duarte purchase what they thought was a handgun from Dwayne Dollison, Jr. (Dollison). The officers then observed Rendon-Duarte return to the passenger seat of his vehicle, lean over in the area of the passenger seat, and appear to move something on the floor. A few minutes later police stopped the vehicle, which was being driven by Jonel Fergerson, Rendon-Duarte's girlfriend. Police arrested Rendon-Duarte and, pursuant to a search warrant, recovered two loaded handguns from under the vehicle's floor carpet in front of the front passenger seat. The vehicle was registered to Rendon-Duarte's father, who testified that he had bought it for his son a few months earlier. Fergerson, at Rendon-Duarte's request, claimed ownership of the weapons, but at trial she acknowledged that the weapons did not belong to her and that she had not placed them in the vehicle.

Prior to trial, the district court denied Rendon-Duarte's motion in limine to bar evidence of two prior occasions on

which weapons were found within vehicles driven or occupied by Rendon-Duarte, finding these incidents relevant to Rendon-Duarte's knowledge, intent, or absence of mistake. After a three-day trial, the jury found Rendon-Duarte guilty of being a felon in possession of two firearms. The Presentence Report (PSR) calculated an offense level of twenty, taking into account that the offense was committed subsequent to sustaining a felony conviction of a "crime of violence," i.e., a prior Alaska conviction of Assault in the Third Degree. *See* U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(A) (felon in possession of a firearm). Rendon-Duarte did not object to the PSR. In the absence of objection, the district court accepted the facts stated in the PSR as established by a preponderance of the evidence. Concluding Rendon-Duarte fell within the Guidelines' range of 63-78 months' imprisonment, the court imposed a sentence of 70 months.

## DISCUSSION

### I.

**[1]** Federal Rule of Evidence 404(b) limits the admissibility of evidence of prior acts to those which serve as proof of "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." We use a four-part test to determine the admissibility of evidence under Rule 404(b). *United States v. Arambula-Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993).

> (1) it must prove a material element of the offense for which the defendant is now charged; (2) in certain cases, the prior conduct must be similar to the charged conduct; (3) proof of the prior conduct must be based upon sufficient evidence; and (4) the prior conduct must not be too remote in time.

*Id.* We need address only the first part of the test.

The government offered "bad act" testimony from two police officers. Sergeant Kass testified that in June 2003, in connection with a traffic stop of a vehicle in which Rendon-Duarte was riding, two weapons were found stashed in the cover of the sunroof of the car. Lieutenant Gilliam testified that in March 2001, when a car driven by Rendon-Duarte was checked following an accident, a weapon and shell casings were found on the floorboard of the driver's seat below where Rendon-Duarte had been sitting. The jury was instructed that it could consider this evidence "only as it bears on defendant's intent, knowledge, absence of mistake or accident, and for no other purpose."

The district court held the evidence admissible, finding a sufficient nexus between these incidents and the conduct with which Rendon-Duarte was charged. It noted that the presence of the guns in the vehicles within easy reach of Rendon-Duarte was probative of absence of mistake as well as plan. We review the district court's evidentiary rulings for abuse of discretion, considering whether the lower court based its decision on relevant factors and whether there was a clear error of judgment. *United States v. Alvarez*, 358 F.3d 1194, 1205 (9th Cir. 2004).

**[2]** Rendon-Duarte argues that the prior-act testimony was improperly admitted because "there is no 'logical connection' between the crime to be proved and the prior bad acts other then [sic] propensity to possess guns, an impermissible purpose." We have held that "the government . . . bears the burden of proving a logical connection between appellant's purported involvement in the previous [act] and a material fact at issue in the crime with which he was charged." *United States v. Mayans*, 17 F.3d 1174, 1183 (9th Cir. 1994). The material fact at issue here was whether Rendon-Duarte had knowledge of and intent to possess the weapons found in his vehicle. The evidence of the prior acts established only that weapons were found in the cars he drove or rode in. The gov-

ernment's reliance on *United States v. Jernigan*, 341 F.3d 1273 (11th Cir. 2003), is misplaced. There, the court stated:

> [T]he caselaw in this and other circuits establishes clearly the logical connection between a convicted felon's *knowing* possession of a firearm at one time and his knowledge that a firearm is present at a subsequent time (or, put differently, that his possession at the subsequent time is not mistaken or accidental.)

341 F.3d at 1281 (emphasis added). Because there was no evidence that Rendon-Duarte had knowing possession of the weapons at issue here, the admission of the prior-act testimony was an abuse of discretion.

**[3]** The error was harmless, however, in light of the overwhelming evidence of Rendon-Duarte's guilt. The officers' testimony established that Rendon-Duarte purchased a firearm from Dollison, placed the firearm in his waistband, returned to his vehicle, and sat down in the front passenger seat. When police stopped the car a few minutes later, they found two firearms under the floorboards in front of the passenger-side seat. Rendon-Duarte gave the officers a false name and birth date, and he sought to persuade his girlfriend to falsely claim that the guns were hers. In light of this uncontradicted evidence, it is more probable than not that any error did not materially affect the verdict. *See United States v. Morales*, 108 F.3d 1031, 1040 (9th Cir. 1997).

## II.

Having been found guilty of violation of 18 U.S.C. § 922(g)(1), Rendon-Duarte was sentenced pursuant to section 2K2.l of the Sentencing Guidelines. Under section 2K2.l(a)(4)(A), a base offense level of twenty applies if the defendant committed the offense subsequent to a felony conviction for a crime of violence. U.S. Sentencing Guidelines Manual § 2K2.l(a)(4)(A) (2005) [hereinafter USSG]. Applica-

tion note one states that "crime of violence" has the meaning given it in section 4B1.2(a). USSG § 2K2.1 cmt. n.1.

The district judge, without objection, adopted the PSR which recommended an offense level of twenty based on a finding that Rendon-Duarte's prior Alaska conviction for Assault in the Third Degree qualified as a "crime of violence." The PSR described the conduct underlying the prior conviction, but it did not cite the Alaska statute. Rendon-Duarte contends that the district court erred because it applied the "crime of violence" enhancement solely on the facts underlying the conviction and because Assault in the Third Degree under Alaska law in any event does not qualify as a "crime of violence" under the Guidelines.

Because Rendon-Duarte did not challenge the PSR in the district court, we review the court's application of the Guidelines for plain error. Fed. R. Crim. P. 52(b); *United States v. Ortiz*, 362 F.3d 1274, 1278 (9th Cir. 2004). "There must be an 'error' that is 'plain' and that 'affect[s] substantial rights.'" *United States v. Olano*, 507 U.S. 725, 732 (1993). Rendon-Duarte bears the burden of demonstrating that the error prejudiced his rights. *Id.* at 734. Further, "the court should not exercise [its discretion to correct the error] unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* at 732 (internal quotation marks and citation omitted).

[4] The Guidelines define "crime of violence" as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG § 4B1.2(a)(1) & (2). In determining whether the Alaska statute qualifies, we use the categorical approach announced in *Taylor v. United States*, 495 U.S. 575 (1990). Under the categorical approach a court must "look only to the fact of conviction and the statutory definition of the prior offense" when determining whether the offense qualifies under a definition in the Guidelines. *Id.* at 602.

**[5]** The Government failed to provide the statute of conviction, and the court relied solely on the facts recited in the PSR. This was error. *See United States v. Pimentel-Flores*, 339 F.3d 959, 967 (9th Cir. 2003) ("Under *Taylor* . . . the actual statute of prior conviction must be supplied to the district court by the government whether or not anyone objects to its absence."). In *Pimentel-Flores*, we held it was plain error for the district court to rely solely on the factual description of the offense in the PSR. *Id.* at 968. The district court committed the same error in this case, and under *Pimentel-Flores* this error was plain. *See id.*

**[6]** While we conclude that the district court committed plain error, we find that the error did not affect Rendon-Duarte's substantial rights. Rendon-Duarte admits that his conviction was for violation of section 11.41.220(a)(1)(A) of the Alaska Statutes, which provides:

> (a) A person commits the crime of assault in the third degree if that person (1) recklessly (A) places another person in fear of imminent serious physical injury by means of a dangerous instrument.

Dangerous instrument is defined as "any deadly weapon or anything that, under the circumstances in which it is used, attempted to be used, or threatened to be used, is capable of causing death or serious physical injury." Alaska Stat. § 11.81.900(b)(15)(A).

Rendon-Duarte contends that the Alaska statute does not qualify under the categorical approach because it requires

only that the defendant recklessly place the victim in fear of imminent serious physical injury. Thus a violation of the state statute does not satisfy the definition of crime of violence under section 4B1.2(a)(1) because under that subsection a crime of violence must have an element of the use of physical force against another person. The state statute, he argues, requires only recklessly placing a person in fear of injury, not actual or threatened use of force.

**[7]** We disagree with Rendon-Duarte's statutory analysis. His argument overlooks the alternative definition in subsection (2) of section 4B1.2(a) which states that a crime of violence is "any offense . . . that . . . is burglary of a dwelling, arson, extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." The language in the residual ("otherwise") clause, targeting conduct that presents a serious potential risk of physical injury to another, is congruent with Alaska's prohibition of "plac[ing] another person in fear of imminent serious physical injury by means of a dangerous instrument." Regardless of a defendant's mental state, conduct involving a dangerous instrument "create[s] significant risks of bodily injury or confrontation that might result in bodily injury." *James v. United States*, 127 S. Ct. 1586, 1592 (2007) (holding that attempted burglary under Florida law qualified as a crime of violence under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) [hereinafter ACCA], because it "involves conduct that presents a serious potential risk of physical injury to another").

Rendon-Duarte directs our attention to this court's recent decision in *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121 (9th Cir. 2006) (en banc), holding that an Arizona conviction for domestic violence did not constitute a crime of violence under 18 U.S.C. § 16(a). That statute defines a crime of violence as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property

of another." Applying the reasoning of *Leocal v. Ashcroft*, 543 U.S. 1 (2004), the court held that

> Neither gross negligence . . . nor conscious disregard of a substantial and unjustifiable risk of injury implies that physical force is instrumental to carrying out a crime, such as the plain meaning of the word 'use' denotes. Therefore, neither recklessness nor gross negligence is a sufficient mens rea to establish that a conviction is for a crime of violence under § 16.

*Fernandez-Ruiz*, 466 F.3d at 1130 (citation omitted). Because the full range of conduct proscribed by the Arizona statute encompassed reckless conduct, a conviction could not qualify as a crime of violence under § 16.[1] *Id.*

*Fernandez-Ruiz* does not help Rendon-Duarte because his case does not involve § 16; it involves application of the Sentencing Guidelines. The critical difference between the two definitions of crime of violence is made clear in *Leocal*:

> [Section] 16(b) plainly does not encompass all offenses which create a "substantial risk" that injury will result from a person's conduct. The "substantial risk" in § 16(b) relates to the use of force, not to the possible effect of a person's conduct. Compare § 16(b) (requiring a "substantial risk that physical force against the person or property of another may be used"), with United States Sentencing Commission, Guidelines Manual § 4B1.2(a)(2) (Nov. 2003).

---

[1]18 U.S.C. § 16(a) defines "crime of violence" as "an offense that has as an element the use . . . of physical force against the person or property of another." Section 16(b) defines it as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

. . . The risk that an accident may occur when an individual drives while intoxicated is simply not the same thing as the risk that the individual may "use" physical force against another in committing the DUI offense.

*Id.* at 10 n.7.

**[8]** Because the use of physical force is not an element of subsection (2) of the Guidelines' definition of crime of violence, there is no volitional element implicated in its application. The focus of the Guidelines is on "conduct that presents a serious risk of physical injury to another." Accordingly, the inclusion of the term "recklessness" does not operate to extend the range of proscribed conduct under the Alaska statute.

Citing *Siggelkow v. State*, 648 P.2d 611, 612 (Alaska Ct. App. 1982), Rendon-Duarte argues that the Alaska statute may be violated by causing a person to fear injury by the display of an unloaded weapon. Thus, he argues, a conviction may be based on the state of mind of the victim, not the use of a dangerous instrument. For purposes of applying the Guideline, however, the critical factor is whether the defendant's conduct creates a serious potential risk of physical injury; the victim's state of mind is immaterial. In holding an unloaded gun to be a dangerous weapon, the Supreme Court reasoned that, among other things, "the display of a gun instills fear in the average citizen; as a consequence, it creates an immediate danger that a violent response will ensue." *McLaughlin v. United States*, 476 U.S. 16, 17-18 (1986); *see also United States v. Hunter*, 101 F.3d 82, 86 (9th Cir. 1996) ("Unloaded firearms . . . increase the risk of violence by others who may respond to the perceived danger represented by the (presumably) loaded gun." (quoting *United States v. Martinez*, 912 F.2d 419, 421 (10th Cir. 1990)). In *James*, the Court, in holding attempted burglary to be a crime of violence, reasoned that the offenses (of burglary, arson, extortion

and explosives use) "while not technically crimes against the person, nevertheless create significant risks of bodily injury or confrontation that might result in bodily injury." *James*, 127 S. Ct. at 1592. In sum, the application of the Alaska assault statute to cases of unloaded weapons does not extend the reach of that statute beyond the definition of crime of violence in section 4B1.2(a)(2); the Guidelines are concerned with conduct creating a serious potential risk of physical injury to another. That risk is not defined by whether the weapon is loaded.[2]

**[9]** Because a conviction under the Alaska statute qualifies as a crime of violence under section 4B1.2(a)(2), the district court's error did not substantially affect Rendon-Duarte's

---

[2]Nor is the "otherwise" clause of the Guidelines—any offenses that otherwise involve conduct that presents a serious potential risk of physical injury—properly read in context with the enumerated crimes of violence that precede the clause. The Tenth Circuit explained:

> At the outset, the analysis in [*United States v. Walker*, 393 F.3d 819 (8th Cir. 2005)] ignores the more flexible articulation of [section] 4B1.2's "crime of violence" definition explained in its commentary section. *See* USSG § 4B1.2 cmt. n.1. There this "or otherwise" language is removed, and the inclusion of offenses with conduct posing serious potential risk of physical injury is de-linked from any preceding specific sequence of offenses. . . . [T]he commentary . . . in a separate sentence explains that "[o]ther offenses are included as 'crimes of violence' if . . . the conduct . . . by its nature, presented a serious potential risk of physical injury to another." *Id.*

*United States v. Moore*, 420 F.3d 1218, 1221-22 (10th Cir. 2005); *see also James*, 127 S. Ct. at 1592-93 (rejecting application of *ejusdem generis* in interpreting the residual ("otherwise") clause in the ACCA); *United States v. Veach*, 455 F.3d 628, 637 (6th Cir. 2006) (holding that "driving while under the influence of intoxicants presents, at the very least, a serious potential risk that the driver will cause physical injury to another person"); *United States v. DeSantiago-Gonzalez*, 207 F.3d 261, 264 (5th Cir. 2000) (holding that misdemeanor drunk driving by its very nature involves conduct that presents a serious potential risk of physical injury to another).

rights.

**AFFIRMED**.