**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Kathleen Elizabeth PILGRIM,**
**Defendant—Appellant.**

No. 07–50112.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 4, 2008.

Filed March 20, 2008.

William M. Narus, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Janet Tung, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: GIBSON,* O'SCANNLAIN, and GRABER, Circuit Judges.

---

* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

MEMORANDUM **

Defendant Kathleen Elizabeth Pilgrim appeals her conviction for importation of cocaine, 21 U.S.C. §§ 952, 960, and possession of cocaine with intent to distribute, 21 U.S.C. § 841(a)(1). She also appeals her within-Guidelines sentence of 168 months of imprisonment. We affirm.

■ 1. The district court did not err by permitting the government to introduce evidence of Defendant's prior act. *See United States v. Rubio–Villareal*, 927 F.2d 1495, 1502–03 (9th Cir.1991) (reviewing de novo whether evidence comes within the scope of Federal Rule of Evidence 404(b) and reviewing for abuse of discretion the district court's ruling on admissibility of prior acts under Rule 404(b), *vacated in part*, 967 F.2d 294 (9th Cir.1992) (en banc)). Defendant argues that the evidence served only to show her propensity to commit drug-related crimes in violation of Rule 404(a). We disagree. The evidence came within the scope of Rule 404(b) to show Defendant's knowledge and absence of mistake; indeed, her theory of defense was lack of knowledge.

■ Defendant also argues that the prior act was not similar enough to the charged crime to be probative of her knowledge or absence of mistake. Again, we disagree. The current charges related to Defendant's attempted border crossing in a car containing 39 kilograms of cocaine in secret compartments. The prior-act evidence introduced by the government related to Defendant's attempted border crossing less than one month earlier in a van containing over 50 kilograms of marijuana in secret compartments. That prior act was sufficiently similar to Defendant's second border crossing to be admissible.

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

*See United States v. Vizcarra–Martinez,* 66 F.3d 1006, 1013 & n. 4 (9th Cir.1995) (as amended) ("Evidence of prior criminal conduct [and other acts] may be admitted if (1) the evidence tends to prove a material point ... and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged."); [1] *United States v. Bibo–Rodriguez,* 922 F.2d 1398, 1402 (9th Cir.1991) ("The evidence of the December marijuana transaction indicated that [the defendant] was not duped during the September transaction and therefore he must have known that he was carrying cocaine."); *Rubio–Villareal,* 927 F.2d at 1503 (finding that the similarity between two border crossings involving hidden drugs was "undeniable" despite the use of different vehicles, different secret compartments, and different drugs).

Defendant's reliance on *United States v. Hernandez–Miranda,* 601 F.2d 1104 (9th Cir.1979), and *United States v. Rendon–Duarte,* 490 F.3d 1142 (9th Cir.2007), is misplaced. Unlike in *Hernandez–Miranda,* Defendant used the same method of transport—contraband concealed in a vehicle's secret compartments. *See* 601 F.2d at 1108–09 (recognizing that, if the same method of transport had been used, the evidence of the prior act would have been admissible). Unlike in *Rendon–Duarte,* there is evidence that Defendant had knowledge of the marijuana in the first border crossing—she was the sole occupant of the vehicle and exhibited signs of nervousness to the border agents, and she indisputably possessed a large quantity of drugs. *See United States v. Barbosa,* 906 F.2d 1366, 1368 (9th Cir.1990) (holding that "a defendant's mere possession of a substantial quantity of drugs may be sufficient to support an inference of knowing possession"); *id.* (holding that the jury "could have inferred guilty knowledge from [the defendant's] apparent nervous-

ness and anxiety during the airport inspection").

Finally, the district court did not abuse its discretion by holding that the probative value of the evidence was not outweighed by the danger of unfair prejudice. *See United States v. Curtin,* 489 F.3d 935, 943 (9th Cir.2007) (en banc) ("We review ... for an abuse of discretion a court's decision that the probative value of evidence exceeds its potential for unfair prejudice."); *United States v. Mayans,* 17 F.3d 1174, 1183 (9th Cir.1994) (incorporating the Rule 403 balancing test into Rule 404(b) rulings).

2. The district court's sentence is reasonable. *See United States v. Mohamed,* 459 F.3d 979, 986–87 (9th Cir.2006) (stating standard). The district court was not required to believe Defendant's testimony that she played only a "minor" role in the smuggling operation, and the evidence that she was involved in more than one drug smuggling incident involving a large quantity of drugs supports the district court's factual finding.

The district court properly considered the sentencing factors under 18 U.S.C. § 3553(a) and articulated its reasoning to the degree required for meaningful appellate review. *Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2468–69, 168 L.Ed.2d 203 (2007); *United States v. Perez–Perez,* 512 F.3d 514, 516–17 (9th Cir. 2008) (as amended). The district court reviewed the relevant documents, heard argument by Defendant and the government, and explicitly considered Defendant's "history and characteristics."

AFFIRMED.

---

1. Defendant does not challenge the second and third prongs of the test.