UNITED STATES of America,
Plaintiff—Appellee,

v.

Winston DAVENPORT, Defendant—
Appellant.

No. 06–30596.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2007.

Filed March 20, 2008.

Marcia Good Hurd, Esq., Eric B. Wolff, Esq., USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Darla J. Mondou, Esq., Marana, AZ, for Defendant–Appellant.

Before: CANBY, GRABER, and GOULD, Circuit Judges.

## MEMORANDUM *

Winston Davenport appeals the district court's denial of Davenport's motion to withdraw his guilty plea to one count of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2) and to one count of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), and also appeals the 78–month sentence of incarceration that the district court imposed on him concurrently for each count. Davenport's claim that his sentence violates the constitutional prohibition of double jeopardy is the subject of our published opinion filed contemporaneously with this memorandum disposition. We address herein Davenport's claims: 1) that the district court improperly denied Davenport's motion to withdraw his guilty plea; 2) that the government failed to support certain image-related enhancements in the sentence with necessary clear and convincing evidence; and 3) that a life term of supervised release is unreasonable as applied to him and an abuse of the district court's discretion.[1] We affirm the district court.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

**1.** Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

**Denial of Motion to Withdraw Guilty Plea**

■ The district court did not abuse its discretion in denying Davenport's motion to withdraw his guilty plea because Davenport did not meet his burden of establishing "a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(B). "Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *United States v. Garcia*, 401 F.3d 1008, 1011 (9th Cir.2005) (internal quotation marks and emphasis omitted).

Davenport first argues that his replacement counsel's discovery that previous counsel did not raise a valid legal claim before the guilty plea was entered constitutes an "intervening circumstance[ ]" or "other reason ... not exist[ing] when the defendant entered his plea," as specified in *Garcia*, to allow withdrawal of Davenport's guilty plea. We reject this argument.

In his September 1 motion to withdraw the guilty plea, Davenport's only proffered "fair and just" reason for requesting the plea withdrawal was his general contention that newly appointed counsel had advised Davenport of legitimate, appealable issues regarding his suppression ruling. Davenport did not specify any alleged, new, appealable issues—including the issue of consent to enter and search Davenport's residence—until Davenport's October 23 motion for leave to file a motion for reconsideration of his September 1 motion. Because Davenport's motion to withdraw his plea referred only to appealable issues on the motion to suppress as filed (which had been resolved in a written ruling putting Davenport on notice of the

relevant facts and law before entering his plea) and said nothing about additional issues not included in the motion to suppress, the district court was within its discretion to conclude that there was no "intervening circumstance[ ]" or "other reason ... not exist[ing] when the defendant entered his plea" to justify withdrawal of Davenport's guilty plea. If we were to hold that the district court abused its discretion by failing to grant the motion to withdraw Davenport's guilty plea on a ground that was not even offered in that motion, it would undermine the judicial system's fundamental interest in the finality of guilty pleas. *See Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).[2]

■ Second, Davenport argues that the district court abused its discretion in failing to allow him to withdraw his guilty plea on the ground that Davenport was unaware of the illegal nature of child pornography. Davenport's counsel's failure to inform Davenport of the proffered defense based on ignorance of illegality cannot be faulted because the ignorance defense is not colorable. *See United States v. X-Citement Video, Inc.*, 513 U.S. 64, 73 n. 3, 115 S.Ct. 464, 130 L.Ed.2d 372 (1994) (rejecting this argument as not viable). Previous counsel's failure to inform Davenport of a non-viable defense does not constitute a "fair and just" reason to withdraw Davenport's plea.

At his plea hearing, Davenport admitted under oath to each element of the 18 U.S.C. § 2252A charges against him. We reject Davenport's argument that the indictment did not include all necessary elements of the offenses.

2. To the extent that Davenport's argument suggests a claim for ineffective assistance of counsel, such claims are best presented in a writ of habeas corpus and, moreover, the record here is not sufficiently developed to review such a claim.

Third, Davenport argues that the district court erred in interpreting the waiver provision in paragraph 10 of Davenport's plea agreement by reading therein a waiver of Davenport's right to appeal a denial of any pre-sentence motions to withdraw a guilty plea. Davenport's argument misapprehends the district court's orders. The court's order denying Davenport's October 23 motion does not mention any waiver of appeal, and any references to a waiver of appeal in its order denying Davenport's' September 1 motion allude to Davenport's waiver of his right to appeal the suppression ruling—a waiver that Davenport does not contest. Davenport's contention that the district court misconstrued the plea agreement also fails.

### Image–Related Sentence Enhancements

Because Davenport did not challenge the pre-sentencing report ("PSR") before the district court, we review that court's application of the Guidelines for plain error. *United States v. Rendon–Duarte,* 490 F.3d 1142, 1146 (9th Cir.2007). Thus, under the plain error standard of *United States v. Olano,* 507 U.S. 725, 730–36, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), we must affirm Davenport's sentence unless: (1) there has been an error in the proceedings below; (2) that error was plain; (3) it affected substantial rights; and (4) it seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 733, 113 S.Ct. 1770.

■ Davenport contends that the factual findings underlying imposition of the four-level enhancement for depictions of sadomasochistic conduct or violence found at U.S. Sentencing Guidelines Manual § 2G2.2(b)(4) and the five-level enhancement for 600 or more images found at § 2G2.2(b)(7)(D) were clearly erroneous. He also asserts that, because the application of these two enhancements raised his total offense level by nine, they had a disproportionate effect on his sentence and

thus the facts supporting them needed to be proved by clear and convincing evidence. However, such judicial fact findings are necessary only where the offense level recommended by the PSR is challenged before the district court at sentencing; "the district court may rely on undisputed statements in the PSR at sentencing." *United States v. Ameline,* 409 F.3d 1073, 1085 (9th Cir.2005) (en banc). Davenport's reliance on *United States v. Staten,* 466 F.3d 708 (9th Cir.2006), is misplaced; in that case, unlike Davenport, the defendant had contested the PSR's findings and corresponding enhancements at her sentencing hearing. *Id.* at 712. Because Davenport did not so object, the district court did not err in adopting the findings and recommendations in their entirety, and the government was not required to meet any burden of proof in supporting them.

■ Furthermore, Davenport has not demonstrated that the district court's declining to conduct fact finding on these enhancements prejudiced him in any way, especially in light of the fact that the judge imposed a sentence well below the applicable Guidelines range. Though Davenport argues that, "without the disproportionate nine levels, a reasonable sentence ... [would have been] the ... [five-year] mandatory minimum," he does not indicate any evidence that he would have offered to rebut the government's proof of the images that were found on his computer as documented in the PSR, beyond arguing, as he did at the sentencing hearing, that he had not actually viewed many of those images. As the application notes to § 2G2.2 suggest, *see* U.S. Sentencing Guidelines Manual § 2G2.2 cmt. 2, Davenport's failure to view the images would have made no difference in the imposition of the enhancements. Davenport has not established plain error.

### Lifetime Term of Supervised Release

■ Because Davenport did not object at the time of sentencing to the length of his supervised release, we review this aspect of his sentence for plain error as well. *See United States v. Rearden,* 349 F.3d 608, 618 (9th Cir.2003). Davenport's term of supervised release is part of his sentence. *United States v. Weber,* 451 F.3d 552, 559 (9th Cir.2006). We review the length of that term, like all other components of a sentence, for reasonableness, *United States v. Cope,* 506 F.3d 908, 916 (9th Cir.2007), subject to the plain error restrictions of *Olano,* 507 U.S. at 730–36, 113 S.Ct. 1770.

The district court extensively explained the factors it considered in arriving at Davenport's sentence, thereby satisfying both the requirements of 18 U.S.C. § 3553(c) and the standards recently set forth in *Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."). Some of the reasons cited for imposing such a long term of supervised release were: the examining psychologist's diagnosis of a personality disorder that made it difficult for Davenport to take personal responsibility for his actions; the fact that Davenport had failed a polygraph; the number and violent content of the images found on Davenport's computer; and the fact that the examining psychologist testified that he would not be comfortable leaving his teenage daughters unsupervised with Davenport.

The district court also considered the long term of supervised release to be a compensation for the fact that it was departing below the Guidelines range for the period of incarceration: "A lengthy lifetime period of supervised release, I think,

allows a balance between the harshness and the extraordinarily unreasonable period of 97 months given all the facts here, with the ability to make sure that his treatment is effective." A long period of supervision was also warranted, in the district court's view, because of the need to protect society from future harm caused by Davenport, given the destructive consequences to the children who are exploited to produce the child pornography images for which consumers like Davenport maintain the economic demand.

Finally, the supervised release term here was consistent with the policy statement found in U.S. Sentencing Guidelines Manual § 5D1.2(b)(2) that the statutory maximum term of supervised release—in this case, life—should be imposed where, as here, the offense is a sex offense. The district court acted pursuant to 18 U.S.C. § 3553(a)(5) in considering any relevant policy statements in the Sentencing Guidelines. Having implemented a statutorily authorized sentencing term and followed all legislatively and judicially mandated procedures in explaining its reasons, the district court did not commit plain error in imposing a life term of supervised release on Davenport.

**AFFIRMED.**