MEMORANDUM **
Avila appeals his 63-month sentence for conspiracy to defraud the United States, 18 U.S.C. § 371, and aiding and abetting attempted tax evasion, 26 U.S.C. § 7201 & 18 U.S.C. § 2. Although he was tried and convicted along with Sigerseth, Avila was *496 sentenced separately and their appeals are currently unconsolidated.[1]
The district court’s finding that Avila made his Faretta motion for the purpose of delay was not clearly erroneous, and the district court therefore properly denied the motion. See United States v. George, 56 F.3d 1078, 1084 (9th Cir.1995). The record does not support Avila’s argument that the district court prejudged his Faretta motion and denied him the opportunity to make a full record regarding his purpose for bringing the motion.
Avila challenges his sentence on several grounds. For all of them, we review the district court’s decision for plain error because Avila did not object on any of these grounds at his sentencing hearing. See Fed.R.Crim.P. 52(b); United States v. Rendon-Duarte, 490 F.3d 1142, 1146 (9th Cir.2007). Sigerseth’s objection several months later at a separate sentencing hearing did not preserve Avila’s challenge to the inclusion of Sigerseth’s tax loss for 1998-2000 in the calculation of Avila’s base offense level. Cf. United States v. Hardy, 289 F.3d 608, 612 n. 1 (9th Cir.2002). Avila’s tax-evasion assistance to Sigerseth included helping Sigerseth avoid paying his 1998-2000 taxes by (among other things) managing and restructuring Sigerseth’s various trusts and acting as Sigerseth’s representative. The district court therefore did not commit plain error when it included Sigerseth’s tax losses for 1998-2000 in its calculations of Avila’s base offense level. See U.S. Sentencing Guidelines Manual § 2T1.1, cmt. n. 2 (2000).
The district court determined, based on the limited evidence in the record, that Avila derived a substantial portion of his income from the tax evasion scheme. Because this determination did not conflict with any controlling authority, the district court did not commit plain error by imposing a two-level sentencing enhancement under U.S. Sentencing Guidelines Manual § 2T1.4(b)(1)(A). Nor did the district court commit plain error by imposing a two-level enhancement under § 2T1.4(b)(2) for engaging in an offense that involved “sophisticated concealment,” in light of the evidence showing that Avila helped Sigerseth move and hide assets through the use of trusts and trust bank accounts.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. We decide Sigerseth’s appeal, No. 07-10012, in a separate memorandum disposition filed concurrently with this one. On October 31, 2008, Avila moved to join in Sigerseth’s "jury instruction argument" and "tax assessment argument.” Because we reject both of these arguments on the merits in Sigerseth's memorandum disposition, we deny Avila’s motion as moot.