MEMORANDUM **
Shane Sichting (“Sichting”) appeals his conviction for murder-for-hire in violation of 18 U.S.C. § 1958(a). Sichting contends that his conviction, which was based on his attempt to have his wife, Sheilagh, murdered by a hitman, must be reversed on four different grounds. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
*642 First, Sichting contends that the district court abused its discretion by denying his motion to exclude testimony about his tumultuous relationship with Sheilagh under Federal Rules of Evidence 404(b) and 403. We need not reach the merits of this argument.[1] Even if the district court erred in admitting the testimony, the jury was presented with an abundance of other evidence that independently established Sichting’s attempt to have Sheilagh killed. It is more probable than not that the district court’s error, if any, did not materially affect the jury’s amply supported verdict. We therefore conclude that any error was harmless. See United States v. Rendon-Duarte, 490 F.3d 1142, 1145 (9th Cir.2007).
Second, Sichting argues that the benefits the government provided to its star witness resulted in a violation of the anti-bribery statute, 18 U.S.C. § 201(c)(2). This argument lacks merit. There is no evidence that the identification card, travel expenses and other benefits the witness received in exchange for his testimony were excessive or “recompense[d] any corruption of the truth” of his testimony.[2] See United States v. Ihnatenko, 482 F.3d 1097, 1100 (9th Cir.2007) (citing United States v. Smith, 196 F.3d 1034, 1039 (9th Cir.1999)). We therefore reject Sichting’s contentions to the contrary.
Third, Sichting challenges the sufficiency of the evidence, arguing that the government failed to prove the element of interstate commerce. Again, we disagree. The telephone calls and wire transfers between Sichting and the individual he hired to procure a hitman were sufficient to support the jury’s finding that the interstate commerce element was satisfied. See United States v. Brooklier, 685 F.2d 1208, 1217 (9th Cir.1982).
Last, Sichting contends that his counsel’s failure to request an entrapment instruction constituted ineffective assistance of counsel. We decline to address the merits of this argument. There is neither a sufficiently complete record, nor evidence of such egregiously deficient representation, to warrant departure from the general rule that ineffective assistance claims are properly raised and considered in a collateral attack under 28 U.S.C. § 2255. United States v. Ross, 206 F.3d 896, 900 (9th Cir.2000).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. In light of our conclusion that the district court's error, if any, was harmless, we need not address the government’s related argument that the evidence was “inextricably intertwined” with the alleged criminal activity and, therefore, not subject to the strictures of Rule 404(b). See United States v. DeGeorge, 380 F.3d 1203, 1219 (9th Cir.2004).

. Even if the prosecutor's conduct did violate 18 U.S.C. § 201(c)(2)'s prohibition of witness bribery, the remedy for such a violation is not exclusion of the improperly obtained testimony. Instead, it is “prosecution of] the prosecutors whose conduct violated the terms of the statute.” United States v. Feng, 277 F.3d 1151, 1154 (9th Cir.2002) (citing Smith, 196 F.3d at 1040).