**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 06 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS


| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10063 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00173-KJD-RJJ-1 |
| v. | |
| BRETT COMBS, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted February 14, 2013
Pasadena, California

Before: BERZON and WATFORD, Circuit Judges, and RAKOFF, Senior District Judge.**

---

       *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

       **     The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

Brett Combs appeals his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We affirm Combs's conviction and remand for re-sentencing.

**1.** The district court did not clearly err in finding that Combs was subject to a parole search condition authorizing warrantless searches of his place of residence. *See United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc); *United States v. Howard*, 447 F.3d 1257, 1262 n.4 (9th Cir. 2006). Although Combs argues on appeal that the government introduced no evidence of his parole condition, in the district court, Combs himself cited the arrest report as evidence that he was subject to a warrantless search condition.

The officers had probable cause to believe that Combs lived at the searched residence. *See Howard*, 447 F.3d at 1262 & n.4. Based on the officers' testimony, the district court found that on the morning of the search, the parole office received a fax reporting that Combs had moved to the address searched later that day, and that "as far as [the parole office] knew, the fax came from Combs himself." Such information was "sufficient to support a belief, in a [person] of reasonable caution," that Combs lived at the residence searched. *See id.* (internal quotation marks omitted). The district court therefore correctly denied Combs's motion to suppress evidence found in the searched residence. To the extent Combs's

2

arguments for suppression of evidence later found in the storage unit depend on his argument that the initial search of his residence was improper, those arguments accordingly also fail. To the extent Combs argues that the officers obtained the search warrant to search the storage unit by making intentionally or recklessly false statements or omissions, that fact-intensive argument, raised for the first time on appeal, was forfeited. *See Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir. 1996).

**2.** Construing the evidence presented at trial in the light most favorable to the prosecution, a rational juror could have found beyond a reasonable doubt that Combs both knew of and "exercised dominion and control over" the Smith & Wesson handgun, and therefore possessed that firearm. *See United States v. Vasquez*, 654 F.3d 880, 885 (9th Cir. 2011); 18 U.S.C. § 922(g).

The evidence was insufficient, however, for the jury to conclude that Combs also possessed the Ruger semiautomatic rifle. Assuming that the fingerprint evidence was properly admitted, that evidence — in conjunction with Hayborn's testimony — demonstrates only that Combs "had knowledge" of that weapon. *See Vasquez*, 654 F.3d at 885. Hayborn, not Combs, owned the weapon, which was found in a storage unit to which only Hayborn had a key. Hayborn testified that after she once let Combs briefly hold the semiautomatic rifle, she immediately placed the rifle in a case, which she then locked. Even if a factfinder could infer

3

that Combs constructively possessed some of the items in the storage unit, there was no evidence at trial from which the jury could "reasonabl[y] infer[]" that Combs had access to the keys to the storage unit or the keys to the rifle case, or otherwise had "the power and intent to exercise control" over Hayborn's semiautomatic weapon. *See United States v. Nevils*, 598 F.3d 1158, 1167 (9th Cir. 2010) (en banc); *Vasquez*, 654 F.3d at 885.

Our holding regarding Combs's possession of the Smith & Wesson handgun is sufficient to affirm Combs's conviction. But the district court relied on the jury's verdict regarding the semiautomatic weapon in calculating the base offense level for Combs's sentence, and nothing in the record indicates that the court independently determined by a preponderance of the evidence whether Combs possessed that weapon. *Cf. United States v. Nungaray*, 697 F.3d 1114, 1115 (9th Cir. 2012).

There is another basis for calculating the same base offense level without regard to the semiautomatic rifle, based on a prior felony conviction for a "crime of violence." *See* U.S.S.G. § 2K2.1(a)(4)(A). The Presentence Investigation Report did not rely on that means of calculating the base offense level, nor is there any indication that the district court relied on it. And it may be debatable from the judicially noticeable facts in the Presentence Investigation Report whether any of

4

Combs's convictions was for a "crime of violence" as defined in U.S.S.G. § 4B1.2(a). *Compare United States v. Mayer*, 560 F.3d 948, 960 (9th Cir. 2009), *with United States v. Matthews*, 374 F.3d 872, 875 (9th Cir. 2004).

Since argument, Combs's counsel has represented that the government agrees that Combs did not have a prior conviction for a crime of violence, and the government has not contested Combs's characterization of the government's position. Because the government bears the burden of establishing that an incorrect application of the Guidelines was harmless, *see United States v. Colussi*, 22 F.3d 218, 220 (9th Cir. 1994), and the government has not met its burden at this juncture, we remand for resentencing. We do not express an opinion as to whether Combs has been convicted of a felony "crime of violence" but leave that issue for district court resolution should it be raised.

**3.** As explained in Part 2, even assuming the fingerprint evidence was properly admitted, we would still conclude that there was insufficient evidence for a factfinder to conclude beyond a reasonable doubt that Combs possessed the semiautomatic weapon. We therefore do not reach Combs's *Daubert* and Confrontation Clause arguments.

**4.** The photograph from which Huffman identified Combs was shaded noticeably differently than the other photographs in the photographic line-up, and

5

was therefore impermissibly suggestive.  *Cf. United States v. Bagley*, 772 F.2d 482, 492 (9th Cir. 1985).  Nonetheless, we conclude that Huffman's identification of Combs was sufficiently reliable, considering Huffman's extensive opportunity to observe Combs during the Colorado robbery; her attention to Combs during that robbery; the accuracy of the description of Combs she gave to the police immediately after the robbery; her identification of Combs in the line-up with "100% certaint[y]"; and the fact that only a few months had passed between the robbery and her identification.  *See United States v. Montgomery*, 150 F.3d 983, 993 (9th Cir. 1998).  We therefore conclude that the suggestive photographic line-up presented to Huffman "did not create a substantial likelihood of irreparable misidentification."  *See id.* (internal quotation marks omitted).  The district court's decision admitting Huffman's in-court identification testimony therefore did not violate Combs's due process rights.

**5.**  Combs argues that the district court abused its discretion in admitting testimony that Combs was on parole; evidence that stolen jewelry and drug paraphernalia were found in his residence; and testimony that he robbed the Colorado jewelry store.  Even assuming that the district court erred, "it is more probable than not that any" unduly prejudicial effect of the admitted evidence "did not materially affect" the jury's verdict that Combs possessed the handgun. *See*

6

*United States v. Rendon-Duarte*, 490 F.3d 1142, 1145 (9th Cir. 2007).  Any error was therefore harmless.  *See id.*

**6.**  Finally, the district court's finding that Combs "used or possessed" the handgun "in connection with" the Colorado robbery, *see* U.S.S.G. § 2K2.1(b)(6), was not clearly erroneous.  Huffman's in-court identification of the handgun as the weapon used during the robbery was sufficient evidence to support the district court's finding.  As explained in Part 4, Huffman had ample opportunity to observe Combs during that robbery.  The district court therefore did not err in applying a four-level enhancement to Combs's sentence based on his earlier use of the handgun in the robbery.

**CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

*United States v. Combs*, No. 12-10063:

WATFORD, Circuit Judge, concurring (for the most part):

I would affirm both the conviction and sentence. I believe sufficient evidence supported the defendant's conviction for possession of the semiautomatic rifle and thus see no need to remand for resentencing.