**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50021 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-03507-W-1 |
| v. | |
| THOMAS DEMETRIOUS JOHNSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50022 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-03507-W-2 |
| v. | |
| DANIEL LOREN WARREN, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, Senior District Judge, Presiding

Argued and Submitted June 5, 2013
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: THOMAS, SILVERMAN, and FISHER, Circuit Judges.

Defendants Thomas Johnson and Daniel Warren appeal their respective convictions and sentences following a jury trial in which both were found guilty of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 1294(1) and 18 U.S.C. § 3742(a), and now affirm.

First, the district court did not err in declining to dismiss the entire indictment; the government's conduct was not "so grossly shocking and so outrageous as to violate the universal sense of justice." *United States v. Smith*, 924 F.2d 889, 897 (9th Cir. 1991). The conduct Warren complains of, supposedly targeting those with "less sophistication" and preying on their "friendship and sympathy," is much milder than conduct we previously held insufficiently repugnant. *See, e.g.*, *United States v. Simpson*, 813 F.2d 1462, 1465 (9th Cir. 1987) (upholding a confidential informant's use of "sex to deceive [defendant] into believing she was an intimate friend just so she could lure him into selling heroin to undercover FBI agents"). Moreover, to the extent the use of firearms as part of the robbery was suggested by the government, evidence suggested Warren was already involved in this type of scheme. *See United States v. Bonanno*, 852 F.2d

434, 437–38 (9th Cir. 1988) (indicating that a defendant's involvement in similar crimes supports a conclusion that government conduct is permissible).

Second, both Johnson and Warren contest the constitutionality of the felon-in-possession statute, 18 U.S.C. § 922, an argument foreclosed by *United States v. Vongxay*, 594 F.3d 1111, 1118 (9th Cir. 2010).

Third, Warren argues the district court erred when it admitted under Federal Rule of Evidence 404(b) various items of evidence seized in a search of Mia Moncrief's residence. We agree with Warren that the evidence was of dubious relevance and should not have been admitted. However, the error was harmless in light of the overwhelming evidence supporting Warren's conviction of being a felon-in-possession. *See United States v. Rendon-Duarte*, 490 F.3d 1142, 1145 (9th Cir. 2007).

Fourth, Johnson and Warren argue that the district court erred when it failed to include "non-entrapment" as an element in the felon-in-possession jury instruction. As to Johnson, the entrapment instruction that was given sufficiently indicated to the jury that Johnson's entrapment defense applied broadly to all counts against him and that the government had to prove beyond a reasonable doubt Johnson was not entrapped. *See United States v. Cherer*, 513 F.3d 1150, 1154 (9th Cir. 2008) ("In reviewing jury instructions, the relevant inquiry is

whether the instructions as a whole are misleading or inadequate to guide the jury's deliberation."). Warren, on the other hand, expressly stated he was not pursuing an entrapment defense. We conclude the district court did not commit plain error in failing to instruct on entrapment as an element of each substantive offense as to Warren because failing to do so did not "seriously affect[] the fairness, integrity or public reputation of" the trial. *See United States v. Olano*, 507 U.S. 725, 732 (1993).

Fifth, Warren asserts that there was insufficient evidence for a jury to find beyond a reasonable doubt that he had actual or constructive possession of a firearm. We disagree. Warren was part of the scheme to rob the stash house, knowing that guns would be a necessary component of the heist. And on the morning of the planned robbery, Warren was one of two occupants of a vehicle that contained two firearms and that had been driven to the launching site of the robbery. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find beyond a reasonable doubt Warren was in possession of the firearms. *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc).

Sixth, Johnson argues that the district court committed procedural and substantive error when it declined to grant Johnson's request for a variance from

the Guidelines pursuant to *Kimbrough v. United States*, 552 U.S. 85 (2007). The district court did not commit procedural error; the court explicitly recognized its discretion to vary from the Guidelines but declined to do so. *Cf. United States v. Henderson*, 649 F3d 955, 964 (9th Cir. 2011). Despite Johnson's argument that the court applied too stringent a standard when considering his request, the district court properly considered 18 U.S.C. § 3553(a). Any mention of the word "draconian" was made in reference to Johnson's characterization of the Sentencing Guidelines, not the standard the court was applying.

Seventh, Warren argues that the district court erred when it applied a 2-level enhancement (stolen firearm) pursuant to United States Sentencing Guidelines Manual § 2K2.1(b)(4)(A). The district court did not clearly err. There was sufficient testimony to establish that the Colt .45 handgun recovered from the trunk of the Cadillac was stolen, and Warren provides no evidence to the contrary. *See United States v. Dann*, 652 F.3d 1160, 1176 (9th Cir. 2011) ("Reversal for clear error requires a definite and firm conviction that the district court made a mistake.").

Finally, Johnson and Warren challenge the validity of the condition of supervised release restricting their access to any court building except for court business. Whether under plain error review for Johnson or abuse of discretion

review for Warren, the district court did not err in imposing the gang-related condition of supervised release in light of the evidence of their gang affiliations. *See United States v. Johnson*, 626 F.3d 1085, 1088–89 (9th Cir. 2010); *see also United States v. Napulou*, 593 F.3d 1041, 1044 (9th Cir. 2010).

**AFFIRMED.**

United States v. Johnson; No. 12-50021
United States v. Warren; No. 12-50022
THOMAS, concurring in part and dissenting in part:

I join my colleagues in affirming the judgment of the district court in *United States v. Johnson*, no. 12-50021. I concur in the majority disposition in *United States v. Warren*, no. 12-50022, with one exception: I disagree that the erroneous admission of the evidence found at Mia Moncrief's home was harmless. Therefore, I concur in part and respectfully dissent in part.

I agree that the district court erred by admitting the evidence of the incident at Mia Moncrief's home: the evidence was not "sufficient to support a finding that defendant committed the other act," and the evidence was poorly disguised propensity evidence. *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002); *see id.* ("Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion."). The clear implication of the evidence was that Warren had possessed guns and trafficked drugs before, and he did the same thing here.

However, the error was not harmless. "The burden to show the harmlessness of the error is on the party benefitting from the error, in this case, the government." *United States v. Bailey*, 696 F.3d 794, 803 (9th Cir. 2012) (citation omitted). "In most cases where courts have found harmless error despite the erroneous admission of evidence, the properly admitted evidence was highly persuasive and

overwhelmingly pointed to guilt." *Id.* at 804 (citing cases).  The government's

evidence against Warren was not strong, and the admission of the evidence of the

prior bad acts "could have tipped the jury in the government's favor."  *Id.* at 805.[1]

I therefore respectfully dissent, in part.

---

[1] The question is whether Warren had "dominion or control" over a firearm at the time he was arrested.  *United States v. Nungaray*, 697 F.3d 1114, 1117 (9th Cir. 2012); *United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc). There is a "long line of established authority that mere access and proximity to property does not establish constructive possession of that property," *United States v. Behanna*, 814 F.2d 1318, 1319 (9th Cir. 1987), and here there was no evidence that, at the time he was arrested, Warren had  access to the firearms in the locked trunk of the car that was not his.