MEMORANDUM *
Defendants Thomas Johnson and Daniel Warren appeal their respective convictions and sentences following a jury trial in which both were found guilty of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 1294(1) and 18 U.S.C. § 3742(a), and now affirm.
First, the district court did not err in declining to dismiss the entire indictment; the government’s conduct was not “so grossly shocking and so outrageous as to violate the universal sense of justice.” United States v. Smith, 924 F.2d 889, 897 (9th Cir.1991). The conduct Warren complains of, supposedly targeting those with “less sophistication” and preying on their “friendship and sympathy,” is much milder than conduct we previously held insufficiently repugnant. See, e.g., United States *594 v. Simpson, 813 F.2d 1462, 1465 (9th Cir.1987) (upholding a confidential informant’s use of “sex to deceive [defendant] into believing she was an intimate friend just so she could lure him into selling heroin to undercover FBI agents”). Moreover, to the extent the use of firearms as part of the robbery was suggested by the government, evidence suggested Warren was already involved in this type of scheme. See United States v. Bonanno, 852 F.2d 434, 437-38 (9th Cir.1988) (indicating that a defendant’s involvement in similar crimes supports a conclusion that government conduct is permissible).
Second, both Johnson and Warren contest the constitutionality of the felon-in-possession statute, 18 U.S.C. § 922, an argument foreclosed by United States v. Vongxay, 594 F.3d 1111, 1118 (9th Cir.2010).
Third, Warren argues the district court erred when it admitted under Federal Rule of Evidence 404(b) various items of evidence seized in a search of Mia Mon-criefs residence. We agree with Warren that the evidence was of dubious relevance and should not have been admitted. However, the error was harmless in light of the overwhelming evidence supporting Warren’s conviction of being a felon-in-possession. See United States v. Rendon-Duarte, 490 F.3d 1142, 1145 (9th Cir.2007).
Fourth, Johnson and Warren argue that the district court erred when it failed to include “non-entrapment” as an element in the felon-in-possession jury instruction. As to Johnson, the entrapment instruction that was given sufficiently indicated to the jury that Johnson’s entrapment defense applied broadly to all counts against him and that the government had to prove beyond a reasonable doubt Johnson was not entrapped. See United States v. Cherer, 513 F.3d 1150, 1154 (9th Cir.2008) (“In reviewing jury instructions, the relevant inquiry is whether the instructions as a whole are misleading or inadequate to guide the jury’s deliberation.”). Warren, on the other hand, expressly stated he was not pursuing an entrapment defense. We conclude the district court did not commit plain error in failing to instruct on entrapment as an element of each substantive offense as to Warren because failing to do so did not “seriously affect[ ] the fairness, integrity or public reputation of’ the trial. See United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).
Fifth, Warren asserts that there was insufficient evidence for a jury to find beyond a reasonable doubt that he had actual or constructive possession of a firearm. We disagree. Warren was part of the scheme to rob the stash house, knowing that guns would be a necessary component of the heist. And on the morning of the planned robbery, Warren was one of two occupants of a vehicle that contained two firearms and that had been driven to the launching site of the robbery. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find beyond a reasonable doubt Warren was in possession of the firearms. United States v. Nevils, 598 F.3d 1158, 1163-64 (9th Cir.2010) (en banc).
Sixth, Johnson argues that the district court committed procedural and substantive error when it declined to grant Johnson’s request for a variance from the Guidelines pursuant to Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). The district court did not commit procedural error; the court explicitly recognized its discretion to vary from the Guidelines but declined to do so. Cf. United States v. Henderson, 649 F.3d 955, 964 (9th Cir.2011). Despite Johnson’s argument that the court applied too stringent a standard when considering his request, the district court properly considered 18 U.S.C. § 3553(a). Any mention of *595 the word “draconian” was made in reference to Johnson’s characterization of the Sentencing Guidelines, not the standard the court was applying.
Seventh, Warren argues that the district court erred when it applied a 2-level enhancement (stolen firearm) pursuant to United States Sentencing Guidelines Manual § 2K2.1(b)(4)(A). The district court did not clearly err. There was sufficient testimony to establish that the Colt .45 handgun recovered from the trunk of the Cadillac was stolen, and Warren provides no evidence to the contrary. See United States v. Dann, 652 F.3d 1160, 1176 (9th Cir.2011) (“Reversal for clear error requires a definite and firm conviction that the district court made a mistake.”).
Finally, Johnson and Warren challenge the validity of the condition of supervised release restricting their access to any court building except for court business. Whether under plain error review for Johnson or abuse of discretion review for Warren, the district court did not err in imposing the gang-related condition of supervised release in light of the evidence of their gang affiliations. See United States v. Johnson, 626 F.3d 1085, 1088-89 (9th Cir.2010); see also United States v. Napulou, 593 F.3d 1041, 1044 (9th Cir.2010).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.