**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10279 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00173-KJD-RJJ-1 |
| v. | |
| BRETT COMBS, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, Senior District Judge, Presiding

Argued and Submitted July 16, 2015
Pasadena, California

Before: BERZON and WATFORD, Circuit Judges, and RAKOFF,** Senior
District Judge.

Brett Combs appeals the 115-month sentence imposed following his

conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. §

922(g)(1) and 924(a)(2). We vacate his sentence and remand.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Jed S. Rakoff, Senior District Judge for the U.S.
District Court for the Southern District of New York, sitting by designation.

**1.** The district court held that Combs had actual possession of the Ruger Mini 14 semiautomatic rifle, reasoning that our previous disposition did not cover actual possession and that "a fingerprint on the weapon [is] sufficient evidence of possession." Those conclusions do not accord with our earlier disposition, and so were impermissible under the law of the case doctrine. *See Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 924 (9th Cir. 2003) ("[T]he decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case.") (internal quotation marks omitted).

We concluded in Combs' previous appeal that "[t]he evidence was insufficient . . . for the jury to conclude that Combs . . . possessed the Ruger semiautomatic rifle." *United States v. Combs*, 510 F. App'x 668, 671 (9th Cir. 2013). This holding did not differentiate actual from constructive possession, and the government had argued both in its briefs.

Further, we held that "the fingerprint evidence . . . in conjunction with Hayborn's testimony . . . demonstrates only that Combs 'had knowledge' of that weapon." *Id.* (quoting *United States v. Vasquez*, 654 F.3d 880, 885 (9th Cir. 2011)). That holding necessarily rejected any *per se* holding of actual possession, based only on the fingerprint and on Hayborn's testimony that Combs momentarily held the gun. It is therefore the law of this case that, to find possession, actual or

constructive, the evidence must establish something more than touching or momentarily holding the rifle. *Compare United States v. Lane*, 267 F.3d 715, 717-19 (7th Cir. 2001).

Moreover, *United States v. Soto*, 779 F.2d 558 (9th Cir. 1986), upon which the district court predicated its finding, did not hold that "a fingerprint is . . . sufficient evidence of actual possession." Rather, *Soto* indicated that a fingerprint, in the context of other evidence, may be *relevant* in establishing that the defendant had possession of a firearm, not that the presence of a fingerprint is *per se* proof of actual possession. *See id.* at 559-60.

In sum, our previous memorandum disposition established as law of this case that fingerprint evidence and other evidence of momentary holding of a firearm is not legally determinative, standing alone, of either actual or constructive possession. That same evidence could, however, combined with other evidence, help support a finding of possession, actual or constructive, by a preponderance of the evidence. We therefore vacate Combs' sentence and remand for the district court to determine, based on the facts of this case as a whole, whether the preponderance of the evidence establishes that Combs possessed the rifle.

**2.** On remand, the district court should also address, if raised, the question whether the Ruger rifle is a "semiautomatic firearm that is capable of accepting a

large capacity magazine." U.S.S.G. § 2K2.1(a)(4)(B); *see also id.* § 2K2.1 cmt. n.2. The evidence in the current record does not establish that the rifle falls within the class of firearms specified in the Guidelines. However, the government may on remand proffer further evidence in this regard. *See United States v. Matthews*, 278 F.3d 880, 885 (9th Cir. 2002) (en banc) ("[A]s a general matter, if a district court errs in sentencing, we will remand for resentencing on an open record . . . that is, without limitation on the evidence that the district court may consider.").

**VACATED AND REMANDED.**